## BERGUNDTHAL V. BAILEY ET AL.

| 15 | 257 |
| 1a | 222 |

1. INTEREST PROPERLY CHARGEABLE ON SETTLEMENT OF ACCOUNTS.— Where a large quantity of lime was sold to a purchaser in car-load lots, and upon delivery of the last car-load an account was presented the customer, showing, among other items, the last shipment, and thereupon the latter made a payment on account of the whole bill, and agreed in writing to pay the balance, interest is properly allowable from the date of the last item.

2. WHEN A BILL OF EXCEPTIONS INDISPENSABLE.— When the sole error relied on is that the judgment is unsupported by the evidence, a bill of exceptions, signed and sealed by the trial judge, and exhibiting the testimony, is indispensable.

*Appeal from Arapahoe County Court.*

GENERAL STATUTES, section 1707, provides, among other things, that interest at the rate of ten per cent. shall be al-

lowed "on money due on the settlement of an account from the day of the last just entry that may have been . made in account."

Mr. JOSEPH N. BAXTER, for appellant.

BISSELL, C. . The appellees, who were copartners in business, brought this action in 1887, before a justice of the peace, against Bergundthal, the appellant, to recover $300, which they alleged to be due for lime previously sold to him.

The trial resulted in a judgment for plaintiffs for the amount claimed, which was, on appeal to the county court, affirmed.

The case might easily be affirmed in this court upon the record as it stands. There is no bill of exceptions in the record, signed and sealed by the judge before whom the case was tried, exhibiting the testimony introduced upon the trial.

It has been repeatedly held by this court that such a bill, signed and sealed under the statute, is absolutely indispensable to warrant a hearing, when the sole error relied on is that the judgment is unsupported by the evidence. But it is wholly unnecessary to put the decision upon that technical ground. There is nothing in the record, or in the testimony as it is contained in what purports to be a bill of exceptions, which would warrant a reversal of the action taken by the court below. The judgment is abundantly supported by the testimony, for there was no controversy whatever concerning the amount of lime shipped, or the price at which it was sold, and which the defendant agreed to pay for it. Had all the damages been allowed concerning which the appellant testified, the judgment would not have been reduced below the sum for which it was entered. But apparently it is not seriously contended by the appellant that the recovery is not abundantly sustained by the evidence. The reversal is insisted upon on the sole ground

that the court erred in allowing interest upon the account from the time of the sale of the lime to the date of the rendition of the judgment. The claim that interest should not have been allowed is not well founded. There is no question that, under the statute and the authorities in force at the time of the trial, interest could only be recovered in matters of contract when the case was brought within the general terms of the statute regulating its recovery. This case seems to come absolutely within the statutory provisions. The lime was sold by the car-load prior to the 16th day of July, 1884. The last car-load was shipped about that time. On the account the defendant made a payment amounting to $165 and some cents. The balance he agreed to pay, and, in express terms, over his own signature, promised to pay interest thereon. The account was determined, and the amount settled and agreed upon on the presentation of the bill for what had been already sold. The bill itself was rendered at that time, and upon its face showed the date of the last item of the account as it existed between the parties. When the bill was presented its accuracy was not disputed, and the defendant agreed to pay it as soon as he was able.

From this it appears that the amount of money sued for was due upon the settlement of the account, and had so become on the date of the last entry in it, which was the date of the sale of the last car-load of lime.

It is thus apparent that, even though there had been a good record, with a proper bill of exceptions filed in this court, the judgment must in any event have been affirmed. The judgment is affirmed.

RICHMOND and REED, CC., concur.

. PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.

<em>Affirmed.</em>