GOFF, Circuit Judge.
The plaintiff below, Gecile F. Schwerin, instituted her suit in the court of common pleas for the county of Sumter, in the state of South Carolina, against the defendant below, the Union Casualty & Surety Company of St. Louis, claiming the sum of $3,000 as due her on a policy of insurance issued by said defendant on the life of one Herman Schwerin, dated April 24, 1895. The plaintiff was the beneficial owner and holder of said policy, and it was alleged in the complaint that the assured died on the 19th day of December, 1895, in said county of Sumter, during the time that the policy was in force. The case was duly removed to the circuit court of the United States for the district of South 'Carolina, where it was tried before a jury on the 17th day of December, 1896, when a verdict was returned for the plaintiff, on which a judgment was entered against the defendant for the sum of $3,124.83 and the costs. The writ of error we are now considering was then sued out. During the *639 trial the counsel for the defendant, at the conclusion of the plaintiff’s testimony, moved for a nonsuit, which was refused by the court. This refusal of the court to direct a nonsuit is assigned as error. Other assignments of error relate to the action of the court in refusing to admit certain evidence offered by, and in declining to give certain instructions requested by, the defendant below.
After the court overruled the motion for a nonsuit, the defendant proceeded to examine a number of witnesses, introduced other testimony, and presented various propositions of law which it asked the court to make part of the charge to the jury. This was an abandonment of the motion for a nonsuit, and the action of the court below thereon is not now reviewable here. A defendant has the right to rely upon his motion for a nonsuit, and to have his writ of error if it be refused, but he has no right to insist upon his exception, founded on said motion, after he has offered testimony and made his case upon the merits, for the court and jury then have the right to consider the whole case as it has been made by the testimony. The defendant, having thus abandoned the nonsuit, may move to have the case taken from the jury upon the conclusion of the entire evidence. Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 193; Insurance Co. v. Crandal, 120 U. S. 527, 7 Sup. Ct. 685; Railroad Co. v. Mares, 123 U. S. 710, 8 Sup. Ct. 321; Insurance Co. v. Smith, 121 U. S. 105, 8 Sup. Ct. 531; Railroad Co. v. Hawthorne, 111 U. S. 202, 12 Sup. Ct. 591; Runkle v. Burnham, 153 U. S. 216,11 Sup. Ct. 837.
The assignment of error relating to the refusal of the court to permit the introduction of certain testimony is without merit. The court properly declined to admit evidence hearsay and secondary in character, and we refer to it only for the purpose of expressing our disapproval of exceptions evidently untenable and clearly frivolous.
We are unable to consider the points suggested by counsel for the plaintiff in error concerning the refusal of the court below to give the instructions asked for by the defendant, for the reason that the evidence, if any there was, showing the relevancy of the propositions of law propounded thereby, is neither quoted in full nor its substance referred to in the assignments of error. It therefore follows that we must presume there was no such evidence, in which event the court properly declined to give the instructions asked for. Improvement Co. v. Frari, 8 U. S. App. 444, 7 C. C. A. 119, and 58 Fed. 171; Newman v. Iron Co. (decided during the present term of this court) 12 U. S. App. ----, 80 Fed. 228.
The judgment of the court below is affirmed.