## JEFFERSON v. BURHANS.

### (Circuit Court of Appeals, Eighth Circuit.    April 4, 1898.)

### No. 1,005.

1. ADMISSIBILITY OF EVIDENCE—PAPERS USED IN REACHING SETTLEMENT.
   Papers used by the parties in an accounting and settlement between them are admissible in an action at law to recover the amount due.

2. PLEADING—AMENDMENT—DISCRETION OF COURT.
   It is in the discretion of the court to refuse to permit an amendment during the course of the trial which would interpose an entirely new defense, not suggested by the original answer, though it must have been well known to defendant when the original answer was filed.

3. EVIDENCE—SATISFACTION PIECE—POWER TO EXECUTE.
   A satisfaction piece of certain mortgages, executed by a bank, will not be excluded, for want of sufficient evidence that the bank was authorized to execute it, when it appears that the notes and mortgages were in its possession, that it had sufficient title to authorize it to make valid releases, and that the satisfaction piece has never been challenged by any one claiming superior title to the mortgages.

4. APPEAL AND ERROR—REVIEW—BILL OF EXCEPTIONS.
   Alleged error in the overruling of a motion made by defendant, at the conclusion of plaintiff's evidence, to dismiss because a prima facie case had not been made out, is not reviewable when it is apparent that the bill of exceptions does not contain all the testimony.

5. SAME—WAIVER OF OBJECTIONS.
   The introduction of evidence by defendant after the overruling of his motion to dismiss at the conclusion of plaintiff's evidence is a waiver of his exception thereto.

In Error to the Circuit Court of the United States for the District of Minnesota.

This is a companion case to the one between the same parties which has just been decided. 85 Fed. 949. It relates to another real-estate transaction in which the parties were concerned. Ira W. Burhans, the defendant in error here, brought an action against Rufus C. Jefferson, the plaintiff in error, who was the defendant below. The defendant in error will be hereafter designated as the plaintiff, and the plaintiff in error as the defendant; such being the relation which they occupied at nisi prius. The plaintiff's cause of action, as stated in his complaint, is as follows: On June 2, 1890, he and the defendant entered into an agreement for the purchase of certain real property situated at Superior. Douglas county, Wis. For the purchase of this property the defendant agreed to advance $50,000. The title to the property, however, was to be vested in the plaintiff; and he engaged to plat and sell the property as soon as possible, and, as fast as sales thereof were made, to assign and turn over to the defendant all mortgages and notes that were received in payment for property sold, until the defendant was reimbursed the amount of money which he had expended in making the purchase, together with 8 per cent. interest thereon. After he had been thus reimbursed, the balance that might be received from sales of the property, consisting of money, notes, or mortgages, was to be equally divided between the plaintiff and the defendant. It was further agreed that, after the title to the property had been vested in the plaintiff, he should execute a quitclaim deed therefor in favor of the defendant, and deliver it to him, but the same was not to be recorded by the defendant unless he found it necessary to do so for his own protection. The defendant did not in fact furnish the sum of $50,000 to purchase the tract of land in question, as he had agreed to do, but only advanced the sum of $17,000. The balance of the purchase price, to wit, $33,000, was raised by the plaintiff by executing his notes for that amount, which were secured by mortgages on the land. He also advanced $2,875 in money to cover certain expenses incurred in the transaction. Afterwards, on or about August 1, 1890, the plaintiff and the defendant had a settlement with

reference to sales of said property that had been made up to that date, at which settlement the defendant received from the plaintiff the sum of $17,000, with interest thereon, which he had advanced to consummate the purchase; and on or about August 1, 1891, they had a further final accounting and settlement with reference to the same transaction. At the latter settlement in August, 1891, $11,000 in cash and mortgages, which had been received from sales of the property, were equally divided between the plaintiff and the defendant. The residue of the land which remained unsold was also divided between the respective parties. At the time of the division of the unsold property, which had then been platted and subdivided into lots, the several lots assigned to the respective parties were subject to incumbrances for various sums, which had been executed by the plaintiff to raise the sum of $33,000, which the plaintiff had been compelled to raise in making the original purchase, because the defendant had failed to advance the full amount of the purchase money as he had agreed to do. In view of this fact, the defendant, at the time of the division of the property last aforesaid, undertook and agreed to pay and cancel all notes which had been executed by the plaintiff for the purpose last aforesaid, that were secured by mortgage upon lots that were set apart and conveyed to the defendant. The defendant also agreed to carry the mortgages existing upon that part of the property which was assigned and set apart to the plaintiff, which the plaintiff had executed for the purpose of raising the aforesaid sum of $33,000, until the plaintiff should be able to sell and dispose of the property, and thereby cancel the incumbrances existing on his own property. The defendant, however, failed to pay the mortgages existing on that part of the property which had been set apart to himself; and in consequence of such failure the plaintiff was compelled to pay the same, and expended for that purpose the sum of $8,032.07. The present action was brought to recover the latter sum, which was expended by the plaintiff in paying his own notes that were secured by mortgages on the lots set apart to the defendant, as well as to recover a balance of certain expenses which he had incurred. The defendant, while admitting, in substance, the purchase of the property in question for the sum of $50,000, for the joint account of himself and the plaintiff, and his agreement to advance the purchase money, and while admitting the division of the unsold part thereof between himself and the defendant on or about August 1, 1891, denied that he had undertaken to discharge the mortgages executed by the plaintiff, which existed on those lots that had been set apart and conveyed to himself. He averred that James Kasson was jointly interested with himself and the plaintiff in the purchase of the property in question, and that said Kasson was a necessary party to the suit. He also averred that the plaintiff and himself. had been concerned in the purchase of numerous other tracts or parcels of land situated in or about Superior, on joint account, all of which transactions were particularly described in his answer; and he prayed that an account might be taken and stated, which included all of their dealings, and that the partnership existing between them might be dissolved, and its affairs liquidated. To the answer, containing the aforesaid denial, and setting up substantially the aforesaid defenses, the plaintiff replied, in substance, that James Kasson was in no wise interested or concerned in the transaction described in the complaint, and that all the transactions and agreements with reference to other purchases of real property which were set forth in the defendant's answer were "wholly foreign to, and disconnected from, the agreement and cause of action set forth and pleaded in his [the plaintiff's] complaint." The plaintiff also denied that any partnership, general or special, had ever existed at any time between the plaintiff and the defendant, or between the plaintiff and the defendant and the said James Kasson, in connection with any of the transactions referred to in the complaint or in the defendant's answer. There was a trial to a jury, resulting in a verdict and judgment in favor of the plaintiff for the sum of $9,381.43. To obtain a reversal of such judgment, the defendant sued out the present writ of error.

W. P. Warner (Owen Morris, Harris Richardson, and C. G. Lawrence, on brief), for plaintiff in error.

John B. Sanborn and George P. Knowles (E. P. Sanborn, on brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Confining ourselves to the alleged errors which have been argued in the brief of counsel for the defendant below, the first error assigned is that the trial court should have sustained a motion to strike out certain testimony which was offered by the plaintiff relative to an item of indebtedness, amounting to $391.53, which the plaintiff testified was due to him from the defendant. The motion to suppress this testimony was based solely on the ground that the item of indebtedness in question was not sued for in the complaint. The trial court ruled to the contrary; holding, in substance, that the averments of the complaint were sufficient to warrant a recovery of the sum claimed. Upon a fair construction of the complaint, it appears, we think, that the plaintiff alleged that the defendant was indebted to him, not only for the sum of $8,032.07, being the sum which the plaintiff had expended in paying off mortgages on lots that had been conveyed to the defendant, but that he was also indebted to him to a certain amount for money actually advanced by the plaintiff, either for expenses incurred in negotiating the purchase of the land in controversy, or in making sales thereof. The plaintiff demanded a judgment for the sum of $920, in addition to the sum of $8,032.07 expended in lifting the mortgages, which former sum, as we understand, was a balance which he claimed to be due to him for moneys actually paid out in conducting the joint transaction. The proof offered tended to show that, at a settlement which was had between the parties in the year 1891, it was mutually agreed that the sum of $391.53 was due to the plaintiff on the account above stated, and we perceive no reason why such proof should have been excluded. The allegations of the complaint, in our judgment, were sufficient to warrant its admission. What we have said on the last point will also serve to dispose of an objection that was made to the admission of three exhibits. These exhibits, it seems, were papers which were used by the parties at the accounting when the item of indebtedness last mentioned was ascertained to be due to the plaintiff. After being duly identified as papers which figured at that settlement, they were offered by the plaintiff, and were received in evidence, as forming a part of that transaction. In this there was no error of which the defendant is justly entitled to complain.

It is further urged that the trial court abused its discretionary powers in refusing to permit the defendant to amend his answer during the progress of the trial, and after the case had been on trial for some time. We think that the reason assigned by the trial court for refusing such leave, which is disclosed by the bill of exceptions, is fully adequate to justify its action,—at all events, that we would not be justified in holding that it abused its discretion. The reason so assigned was, in substance, that the proposed amendment ought not to be allowed, because by permitting it an entirely new defense would

be interposed, which was not suggested by the original answer, although the new defense must have been as well known to the defendant when the original answer was filed as it was when leave to amend the same was asked.    That such would have been the effect of allowing the proposed amendment admits of no controversy, and where leave to amend an answer is sought under such circumstances, and denied, this court will not undertake to overrule the action of the trial judge.

Another exception was taken to the introduction of a paper purporting to be a satisfaction piece of certain mortgages, which was executed, as it seems, by the Bank of West Superior.    This was objected to because there was no evidence, as it is claimed, that the bank by whom the satisfaction piece was executed was the owner of the mortgages. It appears, we think, with sufficient certainty, that the notes and mortgages were in the possession of the bank when the release thereof was executed, and that the bank had a sufficient title to the notes and mortgages at the time to enable it to execute valid releases.    It does not appear that the validity of the release has ever been challenged by any one claiming a superior title to the mortgages.    This exception is wholly without merit.

The next three exceptions to which our attention is directed by the brief of counsel do not seem to be of sufficient importance to merit special notice, and we pass them by with the remark that in no event could the matters referred to in those exceptions be regarded as of sufficient moment to justify a reversal of the judgment.

The last exception which we shall notice relates to an alleged error in overruling a motion, which was made by the defendant, at the conclusion of the plaintiff's evidence, to dismiss the action because the plaintiff "had not made out a prima facie case."    An insuperable objection to any notice being taken of this assignment is—First, that the bill of exceptions does not state that it contains all of the plaintiff's evidence, while it is apparent, we think, that the bill does not contain all of such testimony; and, second, that the defendant did not stand upon such motion after it was overruled, but introduced his own evidence at considerable length, and at the conclusion of the case did not renew his former motion.    It is too well settled to admit of serious controversy that under these circumstances the action of the trial court upon the motion to dismiss the case is not open for review by an appellate court.    Village of Alexandria v. Stabler, 4 U. S. App. 324, 1 C. C. A. 616, and 50 Fed. 689; Taylor-Craig Corp. v. Hage, 32 U. S. App. 548, 16 C. C. A. 339, and 69 Fed. 581; Insurance Co. v. Crandal, 120 U. S. 527, 7 Sup. Ct. 685; Railroad Co. v. Mares, 123 U. S. 710, 8 Sup. Ct. 321; Insurance Co. v. Smith, 124 U. S. 405, 424, 8 Sup. Ct. 534; Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671; Casualty Co. v. Schwerin, 26 C. C. A. 45, 80 Fed. 638.    In this case, as in the one between the same parties which was heretofore decided, the bill of exceptions does not contain the charge of the trial judge, and in other respects it would seem to have been very much abbreviated.    It must be presumed, therefore, that the issues which are presented by the pleadings were submitted to the jury under instructions that af-

forded no cause for complaint. Such being the case, we are satisfied that no other errors were committed which would justify a retrial, and the judgment below is accordingly affirmed.