### KEENER et al. v. BAKER.

(Circuit Court of Appeals, Eighth Circuit.    April 3, 1899.)

#### No. 1,120.

1. REVIEW—MOTION FOR NONSUIT—DENIAL—EXCEPTION—WAIVER.
   Introduction of evidence by defendant after the overruling of his motion for nonsuit is a waiver of any exception to the ruling.

2. SAME—MOTION FOR NEW TRIAL—DENIAL.
   Denial of a motion for a new trial cannot be reviewed on appeal in United States courts.

3. MINES AND MINERALS — VENDOR AND PURCHASER — RECOVERY OF PRICE— PLEADING.
   Where, in the sale of a mine, it, and not the stock of the corporation owner, was the subject of the transfer, and the stock was transferred as a mere incident and means of conveying the mine, a complaint in an action to recover the money paid for fraud, alleging that the mine was of no value, was not insufficient for failure to state that the stock was also worthless.

4. TRIAL—DEFECTIVE COMPLAINT—CURED BY VERDICT.
   After verdict and judgment, it will be presumed that facts necessary to support it were proved, and in all formal and technical matters the complaint will be treated as amended to conform to the facts.

In Error to the Circuit Court of the United States for the District of Colorado.

John K. Vanatta, for plaintiffs in error.

Victor A. Elliott, Willis V. Elliott, and Thomas Mitchell, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought by Cyrus A. Baker, the plaintiff below, against George L. Keener, C. G. Kingsbury, and M. S. Herring, the defendants below, to recover the purchase money paid by the plaintiff to the defendants on account of the purchase of the Catherine lode mining claim, situated in Cripple Creek, Colo., upon the ground that the purchase was induced and the money obtained from the plaintiff by the false and fraudulent representations and devices of the defendants. The Nugget Mining Company owned the alleged lode mining claim, and the transfer of the title to the interest in the mine which the plaintiff purchased was to be effected by transferring to him 345,111 shares of the stock of this corporation. The plaintiff paid the defendants at the date of the purchase $10,000, and afterwards the further sum of $416.66. The answer denied the fraud. The case was tried before a jury, who found a verdict for the whole sum claimed by the plaintiff, upon which judgment was rendered, and the defendants sued out this writ of error. There was no demurrer to the complaint, and no exceptions were taken to the charge of the court.

At the close of the plaintiff's testimony the defendants moved "for a judgment as in case of nonsuit," upon the ground that the evidence was not sufficient to support the plaintiff's action; and the denial of this motion by the court is assigned for error. After this motion was overruled, the defendants introduced their testimony, and this was a waiver of any exception to the ruling of the court denying the nonsuit. Jefferson v. Burhans, 58 U. S. App. 597, 29 C. C. A. 487, and 85 Fed. 924.

There was a motion for a new trial, which was overruled, and that ruling is assigned for error; but it is well settled in the courts of the United States that the ruling on a motion for a new trial is not the subject of exception. Condran's Adm'x v. Railway Co., 14 C. C. A. 506, 32 U. S. App. 182, and 67 Fed. 522.

The remaining assignment of error is that "the complainant did not, nor doth, state facts sufficient to constitute any cause of action." The ground upon which this contention is rested is that there is no specific allegation in the complaint that the mining stock which the plaintiff purchased was worthless. But there is an allegation that the mine for which the plaintiff paid his money "had no value whatever, except as a prospect," and that, by reason of the defendant's fraudulent representations in relation thereto, the plaintiff was damaged in the sum of $10,416.66. It sufficiently appears from the complaint that the thing which the defendants sold to the plaintiff, and for which he paid his money, was a lode

mining claim, which was represented to be rich and of great value, and which the jury found to be no mine at all and to have no value. In making the sale and purchase according to the averments of the complaint, the stock was not considered at all, but only the mine. The mine was the thing purchased, and the stock passed or was to pass as a mere incident to the purchase of the mine, and as a means of conveying the interest in the mine purchased by the plaintiff. All this plainly appears from the complaint. If for any reason the stock of the Nugget Mining Company had any value disassociated from the mine, it could not, upon the allegations of the complaint, affect the plaintiff's right of recovery, because it was not the stock, but this mine, that the parties were contracting about.

But if the plaintiff was required to prove the stock, as well as the mine, had no value, after verdict and judgment the presumption is that such proof was made, and the objection that the complaint does not contain the technical averment that the stock had no value comes too late. This was the rule under the common-law system of pleading: "Where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is cured by the verdict." Stev. Pl. 150. And the rule is quite as liberal under the modern Codes. Glaspie v. Keator, 5 C. C. A. 476, 12 U. S. App. 281, and 56 Fed. 203; Rush v. Newman, 12 U. S. App. 635, 7 C. C. A. 136, and 58 Fed. 158.

This case comes from Colorado, and the supreme court of that state hold that, where the objection that the complaint does not state facts sufficient to constitute a cause of action is taken by demurrer in apt time, the pleading "must present defects so substantial in their nature and so fatal in their character as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever." Herfort v. Cramer, 7 Colo. 483–488, 4 Pac. 896; Bliss, Code Pl. § 425; Richards v. Edick, 17 Barb. 260. The rule is still stronger where the objection is taken for the first time after verdict and judgment; for then the presumption prevails that due proof was made of every fact essential to the recovery, and the complaint will be considered as amended to conform to the proofs.

In Davis v. Goodman, 62 Ark. 262, 35 S. W. 231, Chief Justice Bunn, delivering the unanimous judgment of the court, said:

"But, according to a uniform holding of this court, the trial court's findings and judgment will not be reversed, when they are in conformity to the evidence in the case, notwithstanding the pleadings fall short of the facts in evidence; for in such case the pleadings will be considered as amended to suit the facts."

The judgment of the circuit court is affirmed.