MINE & SMELTER SUPPLY CO. v. PARKE & LACY CO.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1901.)

No. 1,436.

1. PLEADING—SUFFICIENCY OF COMPLAINT—ACTION ON ACCOUNT STATED.
Under a code system of pleading which rejects all forms, technicalities, and fictions, and requires only a statement of the cause of action in ordinary and common language (Code Colo. § 49), a count in a complaint based on an account stated, which alleges facts from which the law implies a promise to pay, is sufficient, and such promise need not be alleged.

2. SAME—AIDER BY VERDICT.
After verdict and judgment in favor of a plaintiff, the complaint will be considered as amended to supply a merely formal defect.

3. INTEREST—ACCOUNTS—COLORADO STATUTE.
Under the statute and decisions of Colorado, interest is recoverable on an account stated and on an open account from the date when it became due and payable.

4. WITNESSES—LIMIT OF CROSS-EXAMINATION.
A witness called and examined by a plaintiff merely for the purpose of identifying letters and statements relating to an account stated, pleaded

107 F.—56

in the complaint, for the purpose of introducing them in evidence, cannot be cross-examined, generally as to the business transactions between the parties or with reference to other causes of action pleaded, unless the court, in its discretion, permits such examination for sufficient reasons shown.

5. APPEAL—REVIEW—RULINGS EXCLUDING EVIDENCE.

When evidence was excluded on a general objection, if any ground in fact existed for its exclusion, it will be assumed, in the absence of any request that the objection be made specific, that it was understood that the ruling was placed upon the right ground, and it will be sustained.

6. SAME.

Where counsel asked a question on cross-examination of a witness, prefacing it with a remark showing that he understood that it fell within previous rulings properly excluding similar questions as not proper cross-examination, the appellate court will not hold its exclusion error because the objection made by the opposing party stated a different ground, but will presume that such ground was an additional one, and so understood by the parties and the court, and that the ruling was based on the same ground as those previously made.

In Error to the Circuit Court of the United States for the District of Colorado.

Sol. Shwayder and Charles J. Hughes, Jr., for plaintiff in error.

Henry Charles Charpiot, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

CALDWELL, Circuit Judge. The Parke & Lacy Company, a corporation, organized under the laws of the state of California, brought this action against the Mine & Smelter Supply Company, a corporation organized under the laws of the state of Colorado, upon three causes of action declared on in separate counts in the complaint. The first count was based upon an account stated for $277.97, the second upon an account for $1,616.50 for goods sold and delivered, and the third upon an account for $1,750 for money had and received. A general demurrer to the complaint was overruled. The answer was a general denial, and a counterclaim for $8,000 damages growing out of alleged defects in certain furnaces for roasting and treating mineral-bearing ores sold by the plaintiff to the defendant. In the progress of the trial the court made a ruling which the defendant construed as precluding it from recovering on its counterclaim in this action, whereupon, by leave of the court, it withdrew its counterclaim. The subject-matter of the counterclaim probably led to this litigation, and, when that was withdrawn, there seems to have been little or nothing left to litigate over. The plaintiff recovered judgment upon its several causes of action, less an admitted credit of $50 allowed at the trial on one of the accounts.

It is assigned for error that the count upon the account stated does not, in terms, allege a promise to pay. The count alleges that an account was stated between the parties, upon which statement and accounting a balance was found due from the defendant to the plaintiff of $277.97, and that the defendant has not paid the balance thus found due, or any part of it. Whatever may have been

the rule under the common-law system of pleading, this is a good count under the code system, which rejects all forms, technicalities, and fictions in pleadings, and only requires a statement of the cause of action in ordinary and common language. Section 49, Code Colo. When, from the facts stated, the law implies a promise to pay, the promise the law implies from the facts stated need not be alleged; and, even if code pleading required such a formal averment, the objection would avail nothing after verdict and judgment, but the complaint would be treated as amended in that particular. Lincoln v. Iron Co., 103 U. S. 412, 26 L. Ed. 518; Keener v. Baker, 35 C. C. A. 350, 93 Fed. 377; Haley v. Kilpatrick (C. C. A.) 104 Fed. 647. Manifestly, the count stated facts which imposed on the defendant the obligation to pay, which obligation it is expressly averred the defendant had not discharged. A formal allegation that the defendant had promised to discharge its obligation would have added nothing to the liability the law implied from the facts stated, and, moreover, would have been a mere fiction. If the count had alleged an express promise to pay the stated account, the plaintiff would not have been required to prove it, and it is unnecessary to allege a fact which does not have to be proved. The plaintiff had a right to rely upon the promise to pay which the law implied from the facts stated, and plain implications of law from facts stated do not have to be pleaded. Bank v. Rogers (Super. Buff.) 1 N. Y. Supp. 757; Heinrich v. England, 34 Minn. 395, 396, 26 N. W. 122; Bouslog v. Garrett, 39 Ind. 338. The other two causes of action were admitted on the trial. To the charge of the court to this effect, and which also instructed the jury to allow interest on the first and second causes of action and disallow it on the third, the defendant excepted only to such part thereof as related to the allowance of interest, and, upon the facts disclosed by the record, an objection that the second and third causes of action were not admitted would have contradicted the record and been unavailing. The court told the jury that the plaintiff was entitled to interest on the first cause of action from the date the account was stated, and on the second cause of action from the date the account became due and payable. The charge conformed to the Colorado statute and decisions. Section 2252, Mills' Ann. St.; Bergundthal v. Bailey, 15 Colo. 257, 259, 25 Pac. 86; Mining Co. v. Old, 38 C. C. A. 89, 97 Fed. 150.

It is further assigned for error that the court refused to permit Mr. Harron, a witness called by the plaintiff, to answer certain questions propounded to him by the defendant on his cross-examination. This witness was the vice president of the plaintiff company, and was called to prove that the letters and statements constituting the account stated were in the handwriting of the defendant, and that the letters and statements offered in evidence were the originals. He was not examined by the plaintiff touching the item or items of the account going to make up the account stated, nor at all in reference to the dealings between the plaintiff and the defendant and the state of accounts between them. His testimony in chief was confined strictly to the mere identification of the

letters and statements, so that they might be introduced in evidence. Upon cross-examination the defendant sought to examine the witness generally in reference to the business transactions between the parties and the state of the accounts between them, and as to all of the causes of action set out in the complaint. To this cross-examination the plaintiff objected upon the ground that it was not proper cross-examination, and was irrelevant and immaterial, and the court very properly sustained the objection. 1 Greenl. Ev. § 445. "To permit the defendant, under guise of cross-examination, to give evidence in chief, is not only disorderly, but unfair to the plaintiff." Hopkinson v. Leeds, 78 Pa. 396, approved and followed in Fulton v. Bank, 92 Pa. 112, 115. The defendant's counsel did not acquiesce in the court's ruling, but continued to propound questions to the witness which were not proper cross-examination. The following excerpt from the record discloses the character of the attempted cross-examination of the witness:

"Q. What disposition has been made of the claim of the Mine & Smelter Supply Company on account of these back charges? A. They were paid as made by the reduction company. (Objection that that is a subsequent account, and not proper cross-examination. Mr. Hughes [defendant's attorney]: Their claim, without undertaking to prove it by evidence, is this was accepted as a statement of the accounts between the parties, whereas at all times these parties are revoking the statement, claiming there were other credits. The Court: I think that is not involved in the present examination. I understand this to be a statement of account admitting this item of $277.97, and these other matters stand outside of that altogether. Mr. Hughes: We want to inquire, to show, your honor, that some of them are items by Mr. Wool which he ought to have allowed, which by later letter they have credited. The Court: That does not come in here, and we cannot inquire of this witness in the way of cross-examination. Mr. Hughes: Then your honor overrules the question that has just been asked? The Court: Yes, sir. To which ruling of the court counsel for defendant then and there duly excepted.) Mr. Hughes: I desire to ask these other questions so as to put them in proper form. Q. Mr. Harron, in this letter it refers to the extra gear wheels that Mr. Wool ordered to be sent to these people, and they refused to pay. Do you know what that means? (Objection for the reasons before stated. Objection sustained, to which ruling defendant's counsel duly excepted.) Q. Is it not true you have charged the account of this company for these matters, and that they were in dispute between you, and have so remained up to the present time, and up to the time the suit was brought? (Objected to by plaintiff's counsel as immaterial and improper. Objection sustained.)"

The course of the examination was such that it must have been understood by all that the objection made and sustained to the preceding questions of the same character, viz. that they were not proper cross-examination, applied equally to the question last quoted. Moreover, the objection that the question was "immaterial and improper" amounted to nothing more than a general objection; and the rule is well settled that, "when evidence is excluded upon a mere general objection, the ruling will be upheld, if any ground in fact existed for the exclusion. It will be assumed, in the absence of any request by the opposing party or the court to make the objection definite, that it was understood, and that the ruling was placed upon the right ground." Tooley v. Bacon, 70 N. Y. 34, 37; Comstock v. Smith, 23 Me. 202; Bowers v. Block, 129 Ill. 424, 21 N. E. 807.

Afterwards, defendant's counsel propounded another question to the witness, which was, in substance, a mere repetition of the one we have quoted. That counsel for the defendant knew the question thus propounded came within the court's ruling that all such questions were not proper cross-examination; and not proper to be asked, is shown by the prefatory remark of counsel when asking the question. He said, "I desire to ask two questions, in order to identify matters which I suppose will be covered by your honor's rulings." It is true that, to the question then asked, the plaintiff's counsel interposed another and different objection. The court refused to permit the witness to answer the question without stating the ground of its ruling. It is obvious, however, that the objection interposed to this last question was additional to the objections previously made to like questions, namely, that they were not proper cross-examination, and that defendant's counsel so understood it from the prefatory remark of counsel which we have quoted. Moreover, the question fell directly within the ruling of the court previously made, that such questions were not proper cross-examination, and was asked in the face of repeated correct rulings to that effect. This court will not, therefore, reward the persistent disregard of a correct ruling of the court, and hold it error not to permit this question to be asked, not on the ground that it was a proper question in fact, but because the objection which had been all along stated and sustained to similar questions was not repeated when it was asked. The law will not reward persistent contumacy in any such way. The court undoubtedly based its ruling upon the ground that it was not proper cross-examination, and counsel for defendant must have so understood it. The record shows that in the course of the irregular and disorderly cross-examination of this witness the defendant's counsel exhibited a letter to the witness, and had him identify the handwriting, whereupon counsel offered the letter in evidence, and it was excluded. All we have said in reference to the questions ruled out on the ground that they were not proper on cross-examination applies with full force to the offer to introduce this letter. Moreover, the attempt to introduce it at that stage of the trial, before the plaintiff had closed its case, and in the midst of the cross-examination of the plaintiff's witness, was in violation of all rules for the orderly conduct of a trial in court. With or without an objection of any kind, the court on its own motion should have put a stop to such flagrant disregard of the settled law and practice for the production of evidence in the trial of a case. Without the observance of the fundamental rule on this subject, the trial of a cause would speedily degenerate into inextricable confusion and disorder. In what is here said we must not be understood as impinging upon the wholesome rule which allows the trial court to exercise a wise discretion in controlling the examination of witnesses. For the purpose of expediting the trial, or where the witness cannot remain in attendance upon the court until the party cross-examining him can call him as his own witness, or for any other sufficient reason, the court may, in its discretion, allow the witness to be examined touching matters not strictly proper cross-

examination; it being understood that as to such matters the witness is to be considered as the witness of the party examining him. Concerning this letter we may remark that it is in the record, and it is a direction to the defendant to charge to plaintiff's account two items, amounting in the aggregate to $35, paid to Mr. Wool, and are probably "the items by Mr. Wool" referred to by defendant's counsel, and which he stated by "later letter they have credited." As the letter giving this direction is dated as far back as March 8, 1897, there is no reason to suppose it was not done, and that these items constituted a part of the defendant's charges against the plaintiff and were credited on some of the accounts sued on. At the close of the case the defendant called no witness and offered no evidence. Considering the character of the pleadings, and the action of the defendant in not attempting to offer any evidence at the close of the plaintiff's case, we think it highly probable that, if there ever was any real controversy in the case, it went out of it when the defendant withdrew its counterclaim, and that, after the credit of $50 was allowed on one of the accounts at the trial, the defendant had no further substantial defense to either one of the three causes of action. However this may be, there is no merit in the errors assigned. They are extremely technical at best, and it is always allowable to oppose one technicality against another in order to put an end to litigation and promote the ends of justice. The judgment of the circuit court is affirmed.