### SAUNTRY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 2, 1902.)

No. 1,709.

1. EVIDENCE—PRESUMPTION — UNCERTAINTY CAUSED BY WRONGFUL ACT OF PARTY.

In an action by the United States to recover the value of timber alleged to have been unlawfully cut and removed from public lands by defendants, where the only evidence as to the quantity of timber taken

was the testimony of scalers, who made their estimates from measurements of stumps and tops remaining upon the land several years after the trespass was committed, an instruction that if the jury found that the timber was taken by defendants, but were in doubt as to the quantity so taken, they might indulge every fair and reasonable inference justified by the evidence in favor of the United States and against defendants, was proper and applicable to the case, although there was substantially no conflict in the estimates of the witnesses, since there was an inherent element of uncertainty in such estimates, caused by the wrongful acts of defendants, and for the further reason that defendants could presumably have produced better evidence, but did not.

2. WITNESS—IMPROPER CROSS-EXAMINATION.

Where a witness introduced by defendant was examined only as to the quantity of timber taken from certain described lands, which constituted a part of the subject-matter of the suit, it was error to permit plaintiff to cross-examine as to the quantity taken from other tracts also involved, but as to which he was not examined in chief.

3. APPEAL—IMPROPER CROSS-EXAMINATION—HARMLESS ERROR.

An error in permitting the cross-examination of a witness as to matters not covered by his direct examination was without prejudice where his testimony agreed substantially with that of the only other witness on the subject, the correctness of which was undisputed.

In Error to the Circuit Court of the United States for the District of Minnesota.

Newell H. Clapp, for plaintiffs in error.

Milton D. Purdy, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. This action was brought by the United States against the plaintiffs in error to recover damages for cutting and taking away from lands of the United States timber standing and growing thereon. At the trial of the case in the court below there were two contested questions of fact: (1) Did the plaintiffs in error cut any timber from the lands described in the complaint? (2) If so, how much timber was cut by them? It appeared from the evidence that the timber was cut from the lands in question between October 1, 1887, and May 1, 1891. The United States discovered the trespass in 1895, and Special Agent Johnson went upon the lands in question for the purpose of making a scale of the timber which had been cut. Richard H. Peck, George W. Harmon, and William Mack assisted in this work. Two witnesses—Peck, called by the United States, and Harmon, by plaintiffs in error—testified as to the amount of timber cut. Their estimates substantially agreed. These two witnesses, from the very nature of the case, could only estimate the amount of timber cut by measurement of the stumps and tops of trees found years after the trespass had been committed. The trial below took place in July, 1901, and resulted in a verdict for the United States. The learned trial judge, in his charge to the jury, used the following language:

"Now, that is a difficult question to prove. These transactions date far back in time, and that would make it difficult to prove if there were no other difficulties in the case; but if you are satisfied that the defendants cut and removed the timber from these lands, then you will see that the

very act makes it very difficult, if not impossible, to prove the extent of the wrong which they did, and that the wrongful act enhances the difficulty of the proof. But there is a rule of law which will aid you in passing upon that feature of the case. If you are satisfied from the evidence that the defendants cut and removed the timber from these lands, then in ascertaining the quantity of the timber so cut and removed you may take into consideration the fact that the wrong of the defendants makes the determination of the quantity of such timber difficult. The law will not allow a wrongdoer to profit in any way by his own wrongful act. I will explain that matter to you somewhat more fully in the latter part of my charge. But for the present now I say the law will not allow a defendant to profit by reason of the fact that he has made the establishment of the exact quantity of timber difficult. In this connection you must bear in mind that I am assuming all the time that you will find the defendants were the parties who cut and removed the timber from these lands. If you do not find that to be the fact, then this portion of the charge has no relevancy whatever to the case. It is all based upon the assumption that you find that they were the parties who cut and removed the timber; then if, upon a fair and full consideration of all the evidence in the case, you are still in doubt as to the quantity of timber which they cut and removed, you may indulge every fair and reasonable inference justified by the evidence in favor of the plaintiff and against the defendants. The rule has been very well stated in the following language: 'When the nature of a wrongful act is such that it not only inflicts an injury, but takes away the means of proving the nature and extent of the loss, the law will aid the remedy against the wrongdoer, and supply the deficiency of proof caused by his misconduct, by making every reasonable intendment against him and in favor of the person whom he has injured.' "

To the giving of this charge the plaintiffs in error excepted, and it is assigned as error here. Counsel for plaintiffs in error does not deny the correctness of the rule of law stated by the trial court, but denies that the case on trial was one in which the rule could have any application, for the reason that there was no conflict in the testimony as to the amount of timber cut. It is true that the witnesses substantially agreed as to the amount of timber cut, but the way the witnesses arrived at their estimates, which was by measuring stumps and tops of trees years after the cutting, demonstrates that there was an inherent element of uncertainty in their calculations. If the defendants cut the timber, it is fair to presume that they had in their possession, or under their control, very much better evidence than was in the possession of the United States; so that whether we view the case as one where the evidence of the extent of the injury inflicted was destroyed by the trespass, or as a case where the exact amount of the timber cut was known to defendants, but which evidence they failed to produce, we think the charge of the court complained of was applicable to the case on trial. The trial court repeatedly and guardedly instructed the jury that only in case the jury found that the plaintiffs in error cut the timber could they apply the rule stated in the foregoing charge. After all, what did the court state to the jury? As a result of the rule of law announced, the court said to the jury that, if they should find that the plaintiffs in error cut the timber, then if, after a fair and full consideration of all the evidence in the case, they were still in doubt as to the quantity of timber cut and removed, they might indulge in every fair and reasonable inference justified by the evidence in favor of the United States and against the plaintiffs in error. The jury had the right, without being told, to indulge in any fair and

reasonable inference in favor of the United States, which was justified by the evidence. "All evidence," said Lord Mansfield in Blatch v. Archer (Cowp. 63–65), "is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted." It is said by Mr. Starkie in his work on Evidence (volume 1, p. 54):

"The conduct of the party in omitting to produce that evidence in elucidation of the subject-matter in dispute which is within his power, and which rests peculiarly within his own knowledge, frequently affords occasion for presumptions against him, since it raises strong suspicion that such evidence, if adduced, would operate to his prejudice."

We think that the case now under consideration afforded a proper occasion to invoke this principle in the law of evidence.

It is also assigned as error that the court permitted counsel for the United States to cross-examine the witness Harmon as to the timber cut from section 26, and concerning which the witness was not examined in chief. While it is true that the limit to which a cross-examination of a witness shall extend is largely within the discretion of the trial court, and its decision in regard thereto will not be reviewed here except where there is an abuse of such discretion, still this court held in Mine & Smelter Supply Co. v. Parke & Lacy Co., 47 C. C. A. 34, 107 Fed. 884, that an examination of a witness on cross-examination concerning matters about which he was not examined in chief was improper, and unfair to the other side. We do not think that the examination of the witness Harmon in chief would permit the counsel for plaintiff to cross-examine him in reference to section 26, but we are also of the opinion that, as the testimony elicited was the same as that of the witness Peck, called by the United States, the ruling of the court in permitting the examination of the witness Harmon in reference to section 26 was not prejudicial, especially in view of the fact that counsel for plaintiffs in error, in support of the first assignment of error, claims there was no dispute over the amount of timber cut.

Finding no error in the record, the judgment of the court below is affirmed.