CITY OF DENVER v. BARBER ASPHALT PAVING CO.

BARBER ASPHALT PAVING CO. v. CITY OF DENVER.

(Circuit Court of Appeals, Eighth Circuit.  November 1, 1905.)

Nos. 2,247, 2,252.

INTEREST—TIME FROM WHICH INTEREST RUNS—COLORADO STATUTE.

Mills' Ann. St. Colo. § 2252, which provides that "creditors shall be allowed to receive interest when there is no agreement as to the rate thereof at the rate of eight per centum per annum for all moneys after they become due, * * *" is mandatory in an action at law to recover for labor performed and materials furnished, and requires the allowance of interest

at the statutory rate from the date of demand of payment, and the court cannot, as in equity cases, take into consideration the laches of plaintiff in bringing suit.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interest, §§ 95–105.]

In Error to the Circuit Court of the United States for the District of Colorado.

Henry A. Lindsley and Halsted L. Ritter, for city of Denver.
Thomas H. Hardcastle, for Barber Asphalt Paving Co.

Before SANBORN, Circuit Judge, and PHILIPS and CARLAND, District Judges.

PHILIPS, District Judge. In 1890 and 1891 the city of Denver entered into contracts with the Barber Asphalt Paving Company for the paving of certain streets. The contracts contained a stipulation that the contractor should keep in repair, at its own expense, the pavings for a period of five years next after the acceptance of said work by the city. The work was done by the said paving company and accepted by the city. In June, 1896, a short time before the expiration of the five years' period, the paving company was notified by the city engineer that certain of said streets were out of repair, demanding that it repair the same in compliance with the stipulation of said contract. The paving company asserted that only a small per cent. of the repairs called for was due to ordinary wear and tear, and that most of the damage to the pavement was caused by leaking gas from the mains of the Denver Consolidated Gas Company underlying the pavement, and also by reason of steam from the Denver Steam Heating Company, whose pipes ran under the pavement, and declined to make these repairs until provision should be made for the payment of the cost of the same. After considerable correspondence between the parties a resolution was passed by the board of public works under which the Barber Asphalt Paving Company made the repairs. The paving company and the city being unable to agree upon how much of this work of repair came within the terms of said resolution, suit was instituted on July 25, 1902, in the United States Circuit Court for the District of Colorado, by the paving company against the city to recover for said repairs. To this action the city interposed a general denial, and also raised question as to the legality and authority of the contract under which the work was done, especially insisting upon a provision of the city charter to the effect that no officer of the city should have authority to impose upon the city any liability to pay money until a definite amount of money had been appropriated therefor.

The court found the issues for the plaintiff, and rendered judgment in its favor for $4,752.71. In its opinion the court, inter alia, said:

"It seems that the plaintiff is entitled to recover in the suit. There is a specific amount named in the complaint which I understand to be that which was found to be due for these repairs. The plaintiff claims interest from September, 1896. I think there was unreasonable delay in bringing the suit, and therefore interest will be not allowed except from date of suit, which was July 25, 1902. The clerk may compute the interest and enter judgment accordingly."

The city of Denver sued out writ of error to reverse this judgment; and the Barber Asphalt Paving Company sued out a cross-writ of error, complaining of. the action of the trial court in allowing interest on the amount recovered only from the date of the institution of the suit, instead of from the date of the demand of payment for the work done. The city of Denver did not press its writ of error before this court, but abandoned the same.

The only question, therefore, to be decided is did the circuit court err in not allowing the cross-plaintiff in error interest on its claim from the date of demand, which is conceded to be the 1st day of October, 1896?

This question is controlled by the statute of the state of Colorado and the construction placed thereon by the Supreme Court. Section 2252, Mills' Ann. St., in force at the time of this transaction, is as follows:

"Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per centum per annum, for all moneys after they become due, on any bond, bill, promissory note, or other instrument of writing, or on any judgment recovered before any court or magistrate authorized to enter up the same within this state, from the date of entering up said judgment until satisfaction thereof be made; also, on money due on mutual settlement of accounts from the date of such settlement on money due on account from the date when the same became due, and on money received to the use of another and detained without the owner's knowledge."

Interest is a compensation for the use of money for its detention; and, under the rulings of the Supreme Court of Colorado, interest, whether as damages or under the statute, must be given from the date of the demand of payment for labor performed and materials furnished. Omaha & Grant Smelting Company v. Tabor, 13 Colo. 41–58, 21 Pac. 925, 5 L. R. A. 236, 16 Am. St. Rep. 185; Bergundthal v. Bailey, 15 Colo. 257, 25 Pac. 86; Mine & Smelter Supply Company v. Parke & Lacy Company, 107 Fed. 881, 47 C. C. A. 34.

This being an action at law on a contract for work done and materials furnished, the statutory provision respecting the allowance of interest is mandatory. It leaves no discretion in the court to take into consideration, as in equity cases, the laches of the demandant in bringing the suit. The demand made upon the defendant city on October 1, 1896, after the completion of the work, put it in default. And as by the decision and judgment of the Circuit Court it wrongfully withheld the amount found to be due and owing, the statute rules the case.

The case must therefore be remanded, with directions to the Circuit Court to set aside and vacate so much of the judgment as allowed interest only from the 25th day of July, 1902, and enter a judgment allowing the statutory interest at the rate of 8 per cent. per annum on the sum found to be due from the 1st day of October, 1896.