UNITED STATES v. TILLMAN et al.

(District Court, S. D. Alabama, S. D.   January 4, 1913.)

No. 273.

1. PUBLIC LANDS (§ 120*)—HOMESTEAD ENTRY—FRAUD—BONA FIDE PUR-
CHASER.

Where an entryman had obtained a patent to public land by false tes-
timony, and after obtaining the final certificate, and before patent, con-
veyed the land to two persons, who were his only witnesses in making
the final proof on which the certificate was issued, and they did not
know that their testimony in support of the entry was true, a prima
facie case was established that they were not bona fide purchasers, which
was sufficient to justify a vacation of the patent and conveyance as
against them; they having elected not to testify in their own behalf and
to disprove the case made by the government.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 120.*]

2. PUBLIC LANDS (§ 120*)—HOMESTEAD—ABANDONMENT.

An entryman on public land as a homestead changed his residence,
boarding for months at one place, and then at another, and after he
married he and his wife boarded at one place until he got a house, in
which they lived, and he testified that his homestead, the land in ques-
tion, was not his home, but he was on it once for as much as three days
continuously, and that his wife was there twice, but when this was did
not appear. Held that, if he ever made a bona fide settlement and resi-
dence on the land, he had abandoned it, and that the proof did not show
that he had resided thereon for two years prior to final proof.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 120.*]

Suit by the United States against Murdock Tillman and others to
set aside a patent to public land and a deed thereunder. Decree for
complainant.

Alex. T. Howard, Asst. U. S. Atty., of Mobile, Ala.
Rich & Hamilton, of Mobile, Ala., for respondents.

TOULMIN, J.   [1] The testimony in this case is clear and con-
vincing that the statements made by the respondents in their evidence
on the final proof, and on which the final certificate was issued, were
untrue. The final proof was made on February 21, 1903, and the final
certificate was issued on February 26, 1903. The patent was issued on
July 2, 1904, and the deed for the land in question was executed by
Tillman to his codefendants, Brannan and Cooper, on July 10, 1903.
The testimony shows that Tillman did not comply with the require-
ments of the law to entitle him to the final certificate and to the patent
subsequently obtained by him. They were therefore unlawfuly ob-
tained, by misrepresentation of the facts and untrue statements in ref-
erence thereto.

Brannan and Cooper set up in their answers to the bill that they
were innocent purchasers from Tillman, without notice of any illegal-
ity or defect in Tillman's title to the land; that they had no knowl-
edge of any unlawfulness in the obtaining of the final certificate, and
on the faith of which they purchased the land. They were the wit-
nesses, and the only witnesses, making the final proof on which the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

final certificate was issued. They must have known that the statements made in their testimony were untrue. They certainly did not know them to be true. They are presumed to have known what the requirements of the law were on the subject. But ignorance of the law is no excuse for its violation or noncompliance with it. However, Brannan and Cooper do not claim ignorance of the law in this instance.

The evidence in the case shows facts and circumstances which lead me to the conclusion that Brannan and Cooper were not innocent purchasers. My opinion is that a prima facie case is established against them. They have not testified in the case themselves, or produced any evidence to contradict or explain that which has established a prima facie case against them.

"When evidence is conflicting or circumstantial, and it is in the power of a party to contradict or explain, a presumption can and should be indulged against him, if he fail to testify without satisfactory reason. Such presumption should not be indulged against a defendant for not introducing himself to disprove facts essential to plaintiff's recovery, which he has failed to prima facie establish. He may remain silent until the plaintiff has shown a case which calls upon him to speak in denial or explanation." Pollak v. Davidson, 87 Ala. 557, 6 South. 312; 1 Starkie on Evidence, 54; Sauntry v. United States, 117 Fed. 132, 55 C. C. A. 148.

The case of Chaffee & Co. v. United States, 18 Wall. 516, 21 L. Ed. 908, cited by counsel for defendants, is not applicable to this case. The case cited was one where the proof required must be such as to satisfy the jury beyond a reasonable doubt. Such a degree of proof is not required in the case before us. It is only required to be clear and convincing. U. S. v. Budd, 144 U. S. 161, 12 Sup. Ct. 575, 36 L. Ed. 384.

[2] Moreover, if Tillman ever made a bona fide settlement and residence on the land, the evidence shows that he abandoned it. It is not very clear whether this was before or after his marriage; but it is clear that he changed his residence, boarding for months at Pearce's, and at one Brannan's for months, and that he and his wife boarded for a while at Pearce's and then moved to Wilmer, where he got a house in which they lived. Tillman testified that his homestead (the land in question) was not his home, that he was on it once for as long as three days continuously, and that his wife was there twice. When this was does not appear, but I think it clearly appears that he did not reside on it for two years before the final proof was made.

Decree for complainant.