BARNARD v. RANDLE.

(Circuit Court of Appeals, Eighth Circuit. September 23, 1901.)

No. 1,483.

1. TRIAL—DEMURRER TO EVIDENCE—WAIVER.
    A defendant waives his demurrer to the plaintiff's evidence by the subsequent introduction of evidence to the merits on his own behalf.

2. WRIT OF ERROR—NECESSITY OF EXCEPTIONS.
    Where no objection is made or exception taken to the evidence introduced by the opposite party, and no ruling thereon is invoked or made, there can be no error for review.

3. SAME—GENERAL FINDING—CONSIDERATION OF FINDINGS OF FACT OR CONCLUSIONS OF LAW DRAWN FROM THE EVIDENCE.
    Where a jury is waived, and the case is tried by the court, and no special finding of facts is made, the only questions arising on the evi-

dence which can be presented to or considered by this court are the rulings upon the admission or rejection of evidence in the progress of the trial, and, in cases where that question is presented by a proper request at the close of all the evidence, the sufficiency of the evidence to warrant the finding.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

For the opinion of the circuit court, see 99 Fed. 348.

George W. Taussig, for plaintiff in error.

Shepard Barclay, John E. McKeighan, M. F. Watts, and Alex. W. Hope, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. This was an action against the surety upon a bond, George D. Barnard, the plaintiff in error, and it resulted in a judgment against him for the full amount claimed in the petition. The first specification of error is that the demurrer to the petition should have been sustained, because it does not state facts sufficient to constitute a cause of action. The defendant in error, Charles H. Randle, alleged in his petition that on October 29, 1892, George D. Barnard, as surety for A. C. Ricksecker, entered into a bond to the defendant in error in the penal sum of $5,000, whereby he promised to pay that sum in the event that Ricksecker should not completely perform every provision of a certain contract between Ricksecker and Randle of the same date as the bond; that by this contract Ricksecker agreed to rent a certain building in the city of Chicago for 183 days from May 1, 1893, and to pay the defendant in error as rent therefor $140 for every day of the term, in monthly installments, in advance, on the first business day of each calendar month, but that Ricksecker did not comply with this contract, in that he failed to pay more than $10,000 of the rent for the use of the building during his occupancy thereof; and that the payment of this amount had been demanded of both Ricksecker and the plaintiff in error, but they had refused to pay it. This petition states a complete cause of action, and the first specification of error is groundless.

The second is like unto it. It is that the court erred in refusing to give the declaration of law requested by the plaintiff in error at the close of the testimony of the defendant in error that the plaintiff in the cause was not entitled to recover in the action. While this request was made, and an exception taken to the refusal to grant it, the plaintiff in error subsequently proceeded to introduce evidence on his own behalf, and thereby waived his exception. A defendant waives his demurrer to the plaintiff's evidence by the subsequent introduction of evidence to the merits on his own behalf. Insurance Co. v. Frederick, 58 Fed. 144, 147, 148, 7 C. C. A. 122, 126, 19 U. S. App. 24, 31; Insurance Co. v. Heiserman, 67 Fed. 947, 15 C. C. A. 95, 32 U. S. App. 409; Jefferson v. Burhans, 85 Fed. 924, 927, 29 C. C. A. 487, 490; Railroad Co. v. Mares, 123 U. S. 710, 713, 8 Sup.

Ct. 321, 31 L. Ed. 296; Insurance Co. v. Crandal, 120 U. S. 527, 530, 7 Sup. Ct. 685, 30 L. Ed. 740.

The next two specifications of error are that the contract and bond pleaded in the petition were admitted in evidence. An examination of the record discloses the fact, however, that they were received without objection or exception, and hence the question of their admissibility is not here for review. In an action at law this is a court for the correction of the errors of the court below only, and where no objection is made or exception taken to the evidence introduced by the opposite party, and no ruling thereon is invoked or made, there can be no error for review.

The fifth specification is that the court erred in admitting in evidence the lease dated April 29, 1893, between the plaintiff in error and A. C. Ricksecker, the lessee. The answer of the defendant admitted the execution of the bond, and its condition that the plaintiff in error would pay the penalty if Ricksecker failed to perform every provision of the contract of the same date with the bond. It denied that Ricksecker failed to comply with the contract, and then alleged as a separate defense that Randle had failed to complete his part of the contract in that he had agreed to construct the building, and to furnish its rooms with good and substantial plain furniture, on or before the 1st day of May, 1893, and he had not so completed and furnished it on that day. The answer also alleged as another defense that after the execution of the contract of October 29, 1892, Randle and Ricksecker, without the knowledge of the plaintiff in error, changed it so that they agreed that the building, instead of being completed on May 1, 1893, should be completed on a subsequent date, and so that the defendant in error should not be obliged to supply the furniture for the rooms in said building until a later date than May 1, 1893. The condition of the bond was that Ricksecker should rent the building for a term of 183 days commencing on May 1, 1893, and should pay rent therefor at the rate of $140 per day. The lease which was offered in evidence was dated April 29, 1893, was signed by Randle and Ricksecker, and it stipulated that Randle rented the building from May 1, 1893, until October 31, 1893, and that Ricksecker agreed to pay rent during that period at the rate of $140 per day. The only objections interposed to its introduction in evidence were that it was incompetent, irrelevant, and immaterial. No reason was then suggested why it was incompetent, or in any way inadmissible, and, as it appeared to comply with the substantial terms of the contract and bond pleaded, it was properly received in evidence over this general objection. In this court the admission of this lease is attacked on the grounds: (1) That Randle testified that it was not executed until May 11, 1893; (2) that the lease was not made after, but before, the completion of the building,—that it did not commence on May 1st but on May 11th; (3) that under the contract Randle agreed to furnish the chamber service without charge to Ricksecker, while the lease relieved Randle of this obligation, and imposed it upon Ricksecker; and (4) that the contract restricted Ricksecker's privilege of subletting, while the lease gave him the privilege of sub-

renting the basement. None of the questions raised by these objections were suggested to the court below. That court did not rule upon them, because it did not hear them, so that there was no error in its admission of the lease over the general objection presented to it. Moreover, these objections are technical and untenable. When the lease was offered in evidence, Randle had not testified that it was not executed until May 11th, nor that the term was not to commence until after May 1st, and the slight variations between the terms of the contract and the lease were insufficient to exclude it, in any event, from the consideration of the court as evidence.

The sixth error specified is that the court admitted in evidence a contract dated October 29, 1892, between George D. Barnard and A. C. Ricksecker, to the effect that, in consideration of the signature by Barnard of the bond in suit and of his advancing $500 in money to Ricksecker, the latter agreed to repay him this $500 and 25 per cent. of all the net profits arising from the leasing of the property referred to in the contract and bond between Ricksecker and Randle; that that contract was referred to and made a part of the agreement between Ricksecker and Barnard, and that Ricksecker would submit all trades or deals made by him to Barnard for his approval. The objection to this contract was that it was incompetent, irrelevant, and immaterial. But, inasmuch as one of the defenses in the answer was that Barnard had been relieved from his obligation as surety by trades or deals made between Ricksecker and Randle without the knowledge of Barnard, this agreement that these trades and deals should be submitted to Barnard for his approval was, with the other evidence in the case tending to show that they were so submitted, certainly competent and material evidence for the defendant in error. There was no error in the receipt of this contract in evidence.

There are eight more specifications of error. The next one is "that upon the evidence in the case the defendant in error was not entitled to recover," and the remaining seven challenge in different ways the finding of facts and conclusions of law of the court below. But this case was tried by the court after a waiver of the jury, pursuant to the provisions of section 649, Rev. St. There is no special finding of facts, but a mere general finding in favor of the defendant in error. This general finding prevents all inquiry by this court into the special facts or conclusions of law on which it rests. Where a jury is waived, and the case is tried by the court, and no special finding of facts is made, the only questions arising on the evidence which can be presented to or considered by this court are the rulings upon the admission or rejection of evidence in the progress of the trial, and, in cases where that question is presented by a proper request at the close of all the evidence, the sufficiency of the evidence to warrant the finding. No such request was presented in this case, and no finding of fact or conclusion of law of the court below is presented for our consideration. Boardman v. Toffey, 117 U. S. 271, 272, 6 Sup. Ct. 734, 29 L. Ed. 898; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47; Mar-

tinton v. Fairbanks, 112 U. S. 670, 673, 5 Sup. Ct. 321, 28 L. Ed. 862; Smiley v. Barker, 83 Fed. 684, 688, 28 C. C. A. 9, 13, 14, 55 U. S. App. 125, 134; Hoge v. Magnes, 85 Fed. 355, 358, 29 C. C. A. 564, 567, 56 U. S. App. 500, 505; Insurance Co. of North America v. International Trust Co., 71 Fed. 88, 90, 17 C. C. A. 616, 618, 36 U. S. App. 291, 303; Walker v. Miller, 59 Fed. 869, 8 C. C. A. 331, 19 U. S. App. 403; Searcy Co. v. Thompson, 66 Fed. 92, 13 C. C. A. 349, 27 U. S. App. 715.

The judgment below is affirmed.