BELL et al. v. UNION PAC. R. CO.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1912.)

No. 3,525.

1. TRIAL (§ 420*)—INSTRUCTED VERDICT—MOTION—DENIAL—WAIVER.
Where defendant moves for an instructed verdict, or a judgment in his favor, at the close of plaintiff's case, and after a denial of his motion proceeds to introduce evidence in his own behalf, any exception to the adverse ruling is waived, unless the motion is repeated at the close of all the evidence, again denied, and an exception saved.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 983; Dec. Dig. § 420.*]

2. APPEAL AND ERROR (§ 671*)—ASSIGNMENTS OF ERROR—RECORD.
Assignments of error cannot be reviewed, where they call in question certain alleged erroneous rulings not shown by the record.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

3. APPEAL AND ERROR (§ 719*)—RULINGS ON EVIDENCE—ASSIGNMENTS OF ERROR—NECESSITY.
Exceptions saved to rulings on the admission or rejection of evidence cannot be reviewed, where they are not made the subject of an assignment of error.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

4. APPEAL AND ERROR (§ 273*)—EXCEPTIONS—SCOPE.
Where conflicting evidence is heard in an action at law tried by the court, and a general finding only made thereon, an exception to such finding, or to the judgment rendered, presents nothing for review on a writ of error.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1620–1630, 1764; Dec. Dig. § 273.*]

In Error to the Circuit Court of the United States for the District of Colorado.

Ejectment by the Union Pacific Railroad Company against Frank O. Bell and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Eugene J. Hainer, Jerome H. Smith, and Stephen S. Abbott, for plaintiffs in error.

Dorsey & Hodges and E. I. Thayer, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This was an action in ejectment, instituted by defendant in error to recover possession of a tract of land in Logan county, Colo. After issue was joined, a jury was duly waived, and the cause tried to the court. Evidence was heard, and after plaintiff rested the defendants moved for a judgment in their favor. This motion was denied, and exceptions were duly saved. Defendants, instead of resting their case and standing on their motion, proceeded to introduce evidence in their own behalf of a contradictory character to that offered by plaintiff; but no further or additional motion

for a judgment on all the evidence in favor of defendants was afterwards made, and, of course, there was no exception to a refusal to grant such a motion. The record reads thus:

"And thereupon the plaintiff rested its case" (in rebuttal). "And the above and foregoing is all the evidence given, offered, or received upon the trial of said cause. And thereupon, and on the same day, the court, being fully. advised in the premises, renders judgment in favor of the plaintiff and against the defendants for possession of said property and for costs. To which judgment of the court, and to the entry thereof, the defendants, by their counsel, separately, then and there duly excepted, and an exception is allowed, and sixty (60) days from this day is allowed within which to tender bill of exceptions."

The assignment of errors is as follows:

I. "That the court erred in not granting a nonsuit in above-named case at the close of plaintiff's evidence, inasmuch as the plaintiff had not shown immediate right of possession to said premises."

II. "The court erred in not giving judgment for the defendants, on the ground and for the reason that an action in ejectment and for possession is a possessory action, and no right of possession follows from the proving or establishing of a title."

III. "The court erred in holding that the plaintiff had not waived the default alleged, proved, and under which plaintiff attempted to rescind a contract of sale from plaintiff to defendants herein."

IV. "The court erred in holding that the defendants had not the equitable right of paying the money into court, or to the plaintiff herein, for each and every amount due plaintiff under contract of sale, and retain possession of the land."

V. "The court erred in holding that a default, once acquiesced in, could be used for a forfeiture of contract, without personal notice to the parties in default under such waiver."

VI. "The court erred in holding, in substance, that the plaintiff was not required to pursue its remedy by strict common-law foreclosure of the premises involved, including the right of redemption."

VII. "The court erred in holding that defendants did not have right of redemption under the law, facts, and evidence of this cause, and the right to pay up all defaults and remain in possession of the land."

VIII. "That the verdict, findings, and judgment order and decree were against the law."

IX. "That the verdict, findings, and judgment order and decree were against the evidence."

X. "That the verdict, findings, and judgment order and decree were against both the law and the evidence."

[1] It has been invariably held by this court that when a defendant, at the close of plaintiff's case, moves for an instructed verdict or a judgment in his favor, and after a denial of his motion proceeds to introduce evidence in his own behalf, any exception to the adverse ruling is waived, unless the motion is repeated at the close of all the evidence, again denied, and due exception saved. As none of these things occurred in this case, the first assignment of error cannot be sustained.

[2] The second, third, fourth, fifth, sixth, and seventh assignments call in question certain alleged erroneous rulings of the trial court; but the record fails to disclose any such rulings, or any exceptions taken to them, if made. There was no finding of facts by the trial court, or no declarations of law embodying the legal propositions spec-

ified in these assignments, either given or refused, and necessarily no exception was taken to any adverse ruling thereon.

[3] There were several exceptions saved to rulings on the admission or rejection of evidence, by the defendant; but no such rulings are made the subject of an assignment of error, hence they are not reviewable.

[4] The remaining assignments are to the general effect that the finding and judgment, as rendered, were against the law and the evidence. It is settled by a long line of decisions that where evidence of a conflicting character is heard in an action at law, and a general finding only made thereon, an exception to such finding alone, or to the judgment rendered thereon, presents nothing for review. The cases in this court where each and all of the foregoing propositions are laid down are Barnard v. Randle, 49 C. C. A. 177, 110 Fed. 906, Mutual Life Ins. Co. v. Kelly, 52 C. C. A. 154, 114 Fed. 268; York v. Washburn, 64 C. C. A. 132, 129 Fed. 564, United States Fidelity & G. Co. v. Board of Com'rs, 76 C. C. A. 114, 145 Fed. 144, and School District No. 11 v. Chapman, 82 C. C. A. 35, 152 Fed. 887.

The judgment must be affirmed.