## FELKER v. FIRST NAT. BANK OF CINCINNATI, OHIO.

(Circuit Court of Appeals, Eighth Circuit.  March 29, 1912.)

No. 3,631.

1. CARRIERS (§ 58*)—BILL OF LADING—TRANSFER OF ATTACHED DRAFT—COLLECTING AGENT—RECOVERY—EVIDENCE.

A draft attached to a bill of lading for merchandise, having been transferred to plaintiff, was sent to defendant bank for collection, where it was paid, and defendant immediately garnisheed by the drawee in an action for breach of warranty in the sale of the goods. Held, that in the absence of proof that plaintiff was not the owner of the draft, but was the mere collecting agent of the drawer, evidence of an alleged breach of warranty and false representations in the sale of the merchandise by the drawer was inadmissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 179–190; Dec. Dig. § 58.*]

2. APPEAL AND ERROR (§ 260*)—EXCEPTIONS—NECESSITY.

Exclusion of evidence cannot be reviewed, in the absence of an exception saved to the adverse ruling at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

3. APPEAL AND ERROR (§ 1010*)—SPECIAL FINDINGS—REVIEW.

Where a jury is waived and a special finding of facts made by the trial court, the Circuit Court of Appeals cannot review the evidence to ascertain its preponderance, but the findings must stand if there is any substantial evidence to sustain them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

4. APPEAL AND ERROR (§ 842*)—FINDINGS BY TRIAL COURT—REVIEW.

Where a case is tried to the court without a jury and findings of fact are made, whether there is any substantial evidence to sustain them may be presented for review by the Court of Appeals by requesting the trial judge to make some declaration that there is no such evidence, or to render a judgment for the appropriate party because there is no such evidence, and on his refusal to do so to take a proper exception and assign error thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3316–3330; Dec. Dig. § 842.*]

5. APPEAL AND ERROR (§ 733*)—ASSIGNMENTS OF ERROR—FORM—REQUISITES.

An assignment that the court erred in rendering a judgment for plaintiff without the addition of the words "on the facts found," where the action was tried to the court without a jury, is insufficient to present any thing for review on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. § 733.*]

In Error to the Circuit Court of the United States for the Western District of Arkansas.

Action by the First National Bank of Cincinnati, Ohio, against W. R. Felker, doing business under the name and style of Bank of Rogers. Judgment for plaintiff (185 Fed. 678), and defendant brings error. Affirmed.

The First National Bank of Cincinnati acquired from the United States Can Company, a corporation doing business in Cincinnati, several negotiable drafts drawn by the latter at sight upon the Rogers Canning Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany for the purchase price of merchandise sold by the drawer to the drawee. To these drafts were attached bills of lading taken by the drawer from a common carrier to which the merchandise had been delivered for transportation to the purchaser. These drafts, with the bills of lading attached, were forwarded for collection by plaintiff to the defendant, who was conducting a banking business at Rogers, Ark., where the drawee also carried on its business. We omit further reference to the issues joined in the original petition with respect to the bills of lading and to the argument based thereon as they are superseded by the amended petition, which declared on the collection of the drafts by the defendant and his refusal to account for the proceeds.

On presentment, or soon thereafter, the drawee paid the full amount of the drafts to the defendant, and forthwith instituted a suit by attachment in the state court against the United States Can Company, the drawer, for an alleged breach of warranty, or false representation as to the quality of merchandise sold by the latter to the former, and garnished the defendant in this case as a debtor to the defendant in that case.

The Cincinnati Bank, upon the refusal of the defendant to account for the collections made by it, instituted this suit, alleging in its complaint as amended, among other things, that it purchased the drafts in question from the drawer and transmitted them to the defendant who was conducting a banking business at Rogers, Ark., under the name of Bank of Rogers, for collection and remission of proceeds to it; that the collection was made by the defendant, who refused to account to plaintiff therefor and prayed judgment for the amount so collected by him.

The defendant for his answer pleaded the institution and pendency of the attachment suit and his garnishment as a debtor to the defendant in that suit. He also pleaded that the Cincinnati Bank, the plaintiff in this suit, was not the real owner of the drafts, but undertook their collection as agent for the United States Can Company, and that its right to them was subject to all the equities affecting its principal.

A reply was filed putting these averments of the answer in issue, and the cause came on for trial before the court: a jury having been duly waived. The court made a special finding of facts, and among other things unnecessary to be detailed found that the plaintiff purchased the drafts in question from the drawer, the United States Can Company, one of its regular customers, and placed the full face value of those drafts to the credit of the drawer's current account with it; that the whole amount so credited to the United States Can Company was in the due and regular course of business checked out by the latter, before any question was raised as to the invalidity or infirmity of the drafts. On these and other recited facts the court found the issues joined, as to the ownership of the drafts in favor of the plaintiff and rendered a judgment accordingly. From this judgment defendant prosecutes error.

James F. Read and James B. McDonough, for plaintiff in error.

Guy W. Mallon, U. M. Rose, W. E. Hemingway, G. B. Rose, D. H. Cantrell, and J. F. Loughborough, for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

ADAMS, Circuit Judge (after stating the facts as above). [1, 2] The assignment of errors first challenges the ruling adverse to the defendant upon an offer to prove the alleged breach of warranty or false representation in the sale of the merchandise by the United States Can Company to Rogers Canning Company. There having been no proof that plaintiff bank was acting in the matter of collecting the drafts as agent for the drawer or in any capacity other than that of bona fide owner, there was no error in that ruling.

Even if there was, no exception appears to have been saved by the defendant to the adverse ruling upon which we could act.

[3] The next error assigned is that "the court erred in finding that the plaintiff had purchased said drafts and was the owner thereof," and we are asked to review the evidence taken before the court on that issue and reverse its finding. This we cannot do. When a jury is waived and a special finding of facts made by the trial court, an appellate court cannot review the evidence to ascertain its preponderance on one side or the other. The findings as made must stand if there was any substantial evidence to sustain them.

[4] Whether that was the case may be made a question of law for review in an appellate court, by requesting the trial judge to make some declaration that there was no such evidence or to render a judgment for the appropriate party because there was no such evidence, and, upon his refusal to do so, taking proper exception and assigning error thereon. Dooley v. Pease, 180 U. S. 126, 131, 21 Sup. Ct. 329, 45 L. Ed. 457; Ward v. Joslin, 186 U. S. 142, 147, 22 Sup. Ct. 807, 46 L. Ed. 1093; York v. Washburn, 64 C. C. A. 132, 129 Fed. 564, 566; United States Fidelity & Guaranty Co. v. Board of Com'rs, 76 C. C. A. 114, 145 Fed. 144, 151, cases cited. No such question of law was raised or decided below and for that reason cannot now be considered by us. Section 700 of the Revised Statutes 1878 (U. S. Comp. St. 1901, p. 570) provides as follows:

"When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

No rulings in the progress of the trial which were excepted to at the time are presented by the bill of exceptions for our consideration.

[5] The only other assignment is in effect that the court erred in rendering a judgment for the plaintiff. Unless we supplement this assignment by adding "on the facts found," it presents nothing for review by this court. Bell v. Union Pacific R. Co. (C. C. A.) 194 Fed. 366, just decided.

Assuming, therefore, that the assignment meant to challenge the judgment on the statutory ground that the facts found were insufficient to support it, it is entirely without merit, and cannot be sustained.

The court found that the defendant received the drafts from the plaintiff for collection and actually collected them. This leaves no doubt of defendant's liability under the complaint as amended except on the theory that plaintiff was not the real owner of the drafts, but was acting in the matter of their collection as agent for the drawer. This last-mentioned issue having been found against the defendant, plaintiff was on the pleadings clearly entitled to the judgment rendered.

It is accordingly affirmed.