PENNSYLVANIA CASUALTY CO. v. WHITEWAY et al.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1914.)

No. 2297.

1. APPEAL AND ERROR (§§ 209, 1001*) — REVIEW — VERDICT — PROCEEDINGS IN TRIAL COURT.

A jury's verdict is not subject to review unless there is an entire absence of substantial evidence to sustain it, and there has been a request for a peremptory instruction and an exception taken to the ruling of a trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1290–1298, 1300, 1303, 3922, 3928–3934; Dec. Dig. §§ 209, 1001.*]

2. APPEAL AND ERROR (§ 209*)—FINDINGS BY COURT—REVIEW.

Where an action at law is tried to the court and a jury is waived, the court's general finding stands as the verdict of a jury and may not be reviewed unless the lack of evidence to sustain the finding has been suggested by a ruling thereon or a motion for judgment, or some motion to present to the court the issue of law so involved before the close of the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1290–1298, 1300, 1303; Dec. Dig. § 209.*]

3. EVIDENCE (§ 450*) — PAROL EVIDENCE — ACCIDENT POLICY — PREMIUM PAYMENTS—EFFECT.

Where, in an action on an accident policy for the amount paid in satisfaction of a judgment for injuries to one of plaintiffs' employés, defendant claimed that the employé was not covered by the policy because he was a common laborer and not a "steel man," and it appeared that the policy, while intended to cover all employés, classified them by certain designations, and that defendant's auditor, on inspecting plaintiff's pay roll, demanded and received an additional premium payment, a question, asking one of the plaintiffs what employés' compensation was included in such payments, was admissible and not objectionable as tending to vary the written contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. § 450.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. EVIDENCE (§ 553*)—HYPOTHETICAL QUESTIONS.

Where a witness testified that he would class a man who worked about a building in process of construction as a utility man and did all kinds of menial labor as a common laborer and not as a steel man, the court did not err in permitting the witness to ask a hypothetical question hypothesizing the different acts of the servant connected with the building, and asking whether the witness would say that such a man was working in the capacity of a "steel man" or as a common laborer.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. § 553.*

Facts which must be included in hypothetical questions, see note to McIntyre v. Modern Woodmen of America, 121 C. C. A. 10.]

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by A. S. Whiteway and another, doing business as A. S. Whiteway & Co., against the Pennsylvania Casualty Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

The plaintiff in error executed to the defendants in error a policy of accident insurance, whereby it agreed to indemnify the assured against loss by reason of liability for damages on account of bodily injuries to their employés while conducting certain building operations, and to defend, in the name and on the behalf of the assured, all suits that might be brought at any time on account of such injuries, and to pay all costs and expenses connected therewith, and the judgment, within limitations expressed in the policy. While the policy was in force, one J. C. Irwin, an employé of the defendants in error, was accidentally injured, and he thereafter brought an action against the defendants in error to recover therefor. The assured requested the plaintiff in error to defend the action in their name, and on their behalf, and the plaintiff in error refused to do so. The action resulted in a verdict in favor of Irwin in the sum of $7,500. The defendants in error, in satisfaction of the judgment, paid the sum of $5,000. Thereafter they commenced the present action to recover the said sum, together with their attorney's fees and costs incurred in the prior action.

The pivotal question in the court below was whether Irwin was a steel man, and covered by the terms of the policy under that classification. The complaint alleged that he was a steel man. The answer denied the allegation, and alleged that he was a common laborer. The policy insured the employés under a schedule naming masons, bricklayers, carpenters, plasterers, painters, steel men, electric wiring and sheet metal workers. There was no express mention of common laborers in the policy. Evidence was taken upon the question whether or not Irwin was a common laborer or a steelman. He testified that he was working at steelwork or anything they had to do, "steelwork, brickwork, concrete, or anything they told me to do." One of the defendants in error testified that Irwin was on the pay roll under the schedule of steel men. He was paid at $2.50 a day. There was testimony, on the other hand, that the work at which he was engaged was not that of a steel man, but that of a common laborer. A jury trial was waived. The court made no special findings, but upon consideration of the testimony entered a judgment for the defendants in error for the sum of $5,000 and the attorney's fees and costs of the prior action.

Martin & Cameron, of Boise, Idaho, for plaintiff in error.

Alfred A. Fraser, of Boise, Idaho, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The burden of the argument of counsel for the plaintiff in error is that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the evidence overwhelmingly established the fact that Irwin was not a steel man, as he was classified in the policy, and as alleged in the complaint, but was a common laborer, and it ignores the effect of the judgment of the court below, which must be taken as conclusively establishing the contrary, for there was no motion in the court below for a ruling or judgment on that question at the close of the trial, nor does any assignment of error challenge the finding of the court on the evidence. When an action at law is tried before a jury, their verdict is not subject to review unless there is absence of substantial evidence to sustain it, and even then it is not reviewable unless a request has been made for a peremptory instruction, and an exception taken to the ruling of the court. When a jury is waived, and the cause is tried by the court, the general finding of the court for one or the other of the parties stands as the verdict of a jury, and may not be reviewed in an appellate court unless the lack of evidence to sustain the finding has been suggested by a request for a ruling thereon, or a motion for judgment, or some motion to present to the court the issue of law so involved, before the close of the trial. Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113; Boardman v. Toffey, 117 U. S. 271, 6 Sup. Ct. 734, 29 L. Ed. 898; Barnard v. Randle, 110 Fed. 906, 49 C. C. A. 177; United States Fidelity & G. Co. v. Board of Com'rs, 145 Fed. 144, 76 C. C. A. 114; Felker v. First Nat. Bank, 196 Fed. 200, 116 C. C. A. 32; Bell v. Union Pac. R. Co., 194 Fed. 366, 114 C. C. A. 326. There was no such request or motion made in the case in hand, and the judgment of the court below is therefore conclusive of the facts determined thereby.

[3] We find no error in the assignment that the court permitted one of the defendants in error to answer the following question:

"Q. These payments you made, $90.10, and this further payment of $34.80, what employés' compensation was included in these payments?"

To which the witness answered:

"The premiums was paid upon the entire pay roll, everybody enumerated in the different schedules. And I would like to state here that when these schedules were prepared; they were prepared by the company and not by Whiteway & Lee. Mr. Sheppard, the agent of the company, when he came soliciting the work, he made these schedules, and I asked him, I said, 'Now, Mr. Sheppard, you state brick masons as a schedule. What does that include? Does that include simply the brick men who are laying brick, or does it include everybody connected with that branch of the work—the hod carriers, the mortar mixers, and the scaffold handlers?' And he said, 'Yes, it includes everybody.'"

To the answer an exception was taken on the ground that it might tend to vary the written contract. At the time when the $90.10 were paid, that sum was estimated to be the amount payable as the premium, but the policy reserved to the insurer the right to inspect the pay rolls and to demand further premiums in accordance therewith. The policy covered (section 4) "all such injuries sustained at the locations described in the declarations, by all employés of the assured, whose entire compensation is included in the estimated compensation as shown in statement three of the declarations. * * * All such injuries

sustained by drivers and their helpers, lumpers, stevedores, loaders, material handlers, timekeepers, pay clerks, and messengers, whose entire compensation is included in the estimated compensation upon which the premium for this policy is computed, wherever they may be in the service of the assured in connection with the business operations described in the declarations," and one of the conditions of the policy was that "the premium is based upon the entire compensation earned during the policy period by all employés of the assured, not herein elsewhere specifically excluded, engaged in connection with the operations described in and covered by this policy," and statement 5 of the declarations states that the enumeration in the declarations includes all persons in the service of the assured, in connection with the operations, to whom compensation of any nature is paid or allowed, excepting the members of the firm, drivers, and clerks, for the purpose of computing the premium on the policy. It was proved without objection that after the policy was issued, the auditor of the plaintiff in error inspected the pay roll of the assured, and upon the total amount thereof demanded and received the additional payment of $34.80. The evidence to which the exception was taken was not open to objection on the ground that it tended to vary the written contract. Instead of contradicting or altering the terms of the written contract, it was in harmony therewith, as showing that the intention of the parties was to indemnify the assured against all losses by accident in the operation in which they were then engaged, and that the pay roll was made the basis for the premium rate, and that the occupations of the different workmen enumerated in the declarations were intended by both parties to the insurance contract to include all employés directly engaged in the work in hand. Fidelity & Casualty Co. v. Phœnix Mfg. Co., 100 Fed. 604, 40 C. C. A. 614.

[4] Error is assigned to the rulings of the court in sustaining objections to the question propounded to the expert witnesses Hammond and Paradise, as follows:

"Where a firm of contractors was engaged in the construction of a certain building, a four-story brick building in Boise, and had in their employ a man, a machinist by trade, the nature of whose work consisted in moving steel, shoveling dirt, handling brick, wheeling concrete and in doing most everything there was to do around the building, and whose wages were $2.50 per day, would you say that this man was working at that time for these contractors in the capacity of a steel man or in the capacity of a common laborer?"

But the record shows that the court did not exclude the testimony so offered, for Hammond answered, "I would class that kind of a man as a general utility man," and Paradise had already answered that he could not say what a steel man was in the building trade, but that he could answer about a structural steel man, and that a common laborer is a man "who works around a building as a general utility man, and does all kinds of menial labor." After he had so answered, there was no error in the refusal of the court to sustain an objection to the hypothetical question above quoted.

There are other assignments of error; but, as they are not discussed

in the brief of the plaintiff in error, and we find no merit in them, we deem it unnecessary to discuss them here.

The judgment is affirmed.