## RAYMER v. NETHERWOOD.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1919.)

### No. 2666.

APPEAL AND ERROR ☞273(11)—MATTERS REVIEWABLE—EXCEPTIONS.

Because of the dual functions of the trial judge sitting without a jury, to determine whether there is any substantial evidence to support one or the other party, and, if there is, then, whether it preponderates on one or the other side, the request or motion to adjudge either all the issues or some specific issues in favor of the requesting party or against the adverse party, to be reviewable, must make apparent that it is based specifically on the ground that there is no substantial evidence to sustain any other conclusion.

Evans, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Wisconsin.

Action by Harry C. Netherwood against Charles W. Raymer. There was a judgment for plaintiff (253 Fed. 515), and defendant brings error. Affirmed.

Burr W. Jones, of Madison, Wis., for plaintiff in error.
John B. Sanborn, of Madison, Wis., for defendant in error.

Before BAKER, MACK, and EVANS, Circuit Judges.

MACK, Circuit Judge. A review of this case is challenged on the ground that no question of law is presented to us.

The case was tried under a stipulation waiving a jury. At the conclusion of the evidence, defendant requested numerous findings of

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

evidentiary facts, and the conclusion of law therefrom that no contract had been consummated between the parties, and that the action should be dismissed. To the refusal to grant these requests, and to the findings of a contract, the breach thereof, and that plaintiff was entitled to judgment, defendant excepted.

In Streeter v. Sanitary District of Chicago, 133 Fed. 124, 66 C. C. A. 190, Judge Jenkins carefully defined the reviewing power of this court. Expressions used in other opinions have, however, caused some uncertainty as to the proper method of securing such a review. The confusion is apparently due to the failure to discriminate between the several functions of the trial judge, and to make clear on the record the exact questions presented to him by motions or requests.

In a jury trial, under modern practice, a motion or request for a directed verdict challenges the right of the opponent to recover, on the ground that there is no substantial evidence which would support a verdict in his favor. The correctness of the ruling thereon, if excepted to, presents a question reviewable on writ of error. Clearly the like question, arising on trial without a jury, is reviewable, if in some way it be made clear that a similar ruling has been requested. A request or motion, whether for special or general findings, or, if by defendant, for a dismissal of the action, and an exception to the refusal thereof, or an exception to the findings in favor of an opponent, is not, however, sufficient to raise the question. Such a request, motion, or exception, without more, is the proper method of invoking or challenging the jury-supplanting function of the trial judge, to determine whether one or the other side is sustained by a preponderance of the evidence, a determination not reviewable on writ of error in a federal appellate tribunal.

Because of the dual function of the trial judge, sitting without a jury, to determine both whether there is any substantial evidence to support one or the other party and also, if there is, then whether it preponderates on one or the other side, the request or motion to adjudge either all the issues or some specific issues in favor of the requesting party or against the adverse party, to be reviewable, must make apparent that it is based specifically upon the first of these grounds, namely, that there is no substantial evidence to sustain any other conclusion. Then, and then only, as Judge Sanborn has clearly pointed out in Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622 (8th C. C. A.), may the refusal of the trial judge to grant the request, if excepted to, be reviewed.

In the instant case, no such specific ground for the requested findings and motion was alleged.

Judgment affirmed.

EVANS, Circuit Judge (dissenting). The extent to which the holding goes in this case may be gathered only from a statement of the facts.

Plaintiff brought this action for damages for alleged breach of contract. The contract, if any, grew out of two letters, one, written by defendant in California, which may well be called the offer; the other, written by plaintiff at Madison, Wis., and termed the acceptance.

Whether the second letter was an acceptance of the offer found in the first was the sole disputed issue in the case. No question of fact, but simply one of law, was involved. Had a jury been drawn, the District Court, in disposing of the action, would have been compelled to direct a verdict.

Under these circumstances, it seems to me, it was the duty, as well as the privilege, of counsel to avoid the expense to litigants and to the government incident to a jury trial. On the other hand, the litigants' right to review the decision of the District Court should be as clear and as extensive as in case the idle formality of calling a jury was respected.

In either case any adverse ruling in the course of the trial, to which exception was taken, should be subject to review upon writ of error. Section 649 R. S., section 1587, Comp. Stat., did not take from the litigants the right to review the rulings of the lower court. This section was intended to give litigants the right to waive jury trials in law actions, and to give to the findings of the court the force of a verdict of a jury. Rulings on questions of law, properly presented, were subject to review in such a trial, the same as in a case of a trial by jury.

Had a jury been present, a motion to direct a verdict in defendant's favor would have saved the question here sought to be reviewed. Without the jury, a motion to dismiss should, I think, preserve the same right.

In the instant case, attorneys for plaintiff in error, following the Wisconsin state court practice, presented proposed findings of fact and conclusions of law. Their presentation constituted a request so to find. Defendant's attorneys did likewise. It was not a case where the court declined to make findings, but a case where the court, with proposed findings and conclusions from both sides, all bearing on the single disputed issue heretofore stated, adopted the proposed or requested findings of plaintiff. To this ruling, as well as to the court's failure to adopt its requested findings, defendant duly and seasonably excepted.

But defendant did more than merely request the court to make findings of facts and conclusions of law. At the conclusion of defendant's request the following appears:

"That the court find that no contract was consummated between the parties, and that the action should be dismissed, with costs in favor of defendant."

Was not this a motion to dismiss? Certainly its equivalent. Whether counsel moves the court or requests the court to dismiss an action is quite immaterial. No deception occurs in either case. The court must have understood, and opposing counsel understood, defendant's position. He was demanding a dismissal of the action. Refusal to grant the request, motion, demand, or what it may be called, made with other requests or alone, should certainly, and I think does, raise a ruling in the course of the trial, the correctness of which may be reviewed by an appellate court. See generally, upon this proposition, United States Fidelity & Guaranty Co. v. Board of Com'rs of Woodson County, Kan., 145 Fed. 144, 151, 76 C. C. A. 114; Felker

v. First Nat. Bank of Cincinnati, Ohio, 196 Fed. 200, 202, 116 C. C. A. 32; Humphreys v. Third Nat. Bank of Cincinnati, 75 Fed. 852, 21 C. C. A. 538; United States v. Robertson, 183 Fed. 711, 106 C. C. A. 149; Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; Meyer & Chapman State Bank v. First National Bank of Cody, 248 Fed. 679, 681, 160 C. C. A. 579.

I therefore dissent from the opinion of the majority of the court.