## ALLEN, Collector of Internal Revenue, v. CARTAN & JEFFREY CO.

(Circuit Court of Appeals, Eighth Circuit. June 22, 1925.)

### No. 6787.

Appeal and error ⟺209(1)—Appellate court cannot pass on sufficiency of evidence to sustain findings and judgment of trial court, if such question was not raised at trial.

Regardless of Act Feb. 26, 1919, amending Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), and providing that on hearing of appeal, etc., court shall give judgment after examination of entire record before it, without regard to technical errors, etc., which do not affect substantial rights of parties, appellate court cannot pass on sufficiency of evidence to sustain findings and judgment of trial court, if such question was not raised at trial.

Petition for Rule to Show Cause.

Action by the Cartan & Jeffrey Company against Arthur B. Allen, Collector of Internal Revenue for the District of Nebraska, to recover income taxes. On petition of defendant for an order to show cause why the judgment affirming a judgment for plaintiff should not be set aside and a rehearing had. Petition denied.

For former decision, see 5 F.(2d) 1011.

James C. Kinsler, U. S. Atty., of Omaha, Neb., and Floyd F. Toomey, of Washington, D. C. (Nelson T. Hartson and Edward C. Lake, both of Washington, D. C., of counsel), for plaintiff in error.

M. L. Learned, of Omaha, Neb., for defendant in error.

Before SANBORN, LEWIS, and KENYON, Circuit Judges.

SANBORN, Circuit Judge. On petition of Arthur B. Allen, collector of internal revenue for the district of Nebraska, for an order to show cause why the judgment of this court in this action, rendered on January 28, 1925, affirming the judgment below, should not be set aside and a rehearing had.

This is an action at law by Cartan & Jeffrey Company, a corporation, to recover from Arthur B. Allen, collector of internal revenue, alleged excessive taxes on its income, aggregating $5,840.23, which were paid by it. In its complaint the plaintiff alleged many relevant facts which it claimed entitled it to recover this amount. By its answer, the defendant denied most of these allegations. The parties waived a jury, a large amount of evidence upon the issues made by the pleadings was introduced, and at the close of the trial the court made a general finding of all the issues in favor of the plaintiff and rendered a judgment for the amount claimed and interest. The collector sued out this writ of error upon an assignment of errors in these words:

"(1) The court erred in finding upon all the issues in favor of plaintiffs.

"(2) The court erred in holding that plaintiff in 1917 was a trade or business having no invested capital or not more than a nominal capital within the meaning of section 209 of the Revenue Act of 1917.

"(3) The court erred in holding that plaintiff in 1917 was a trade or business having not more than a nominal capital within the meaning of section 209 of the Revenue Act of 1917.

"(4) The court erred in holding that there was due from the defendant to the plaintiff, on the cause of action set out in the petition, $5,840.23, together with interest thereon at the rate of 7 per centum per annum from March 14, 1923, computed to date of judgment, amounting to $487.16.

"(5) The court erred in rendering judgment for the plaintiff in the sum of $6,327.39, or in any sum whatever.

"(6) The court erred in refusing to enter judgment for the defendant."

When the case was presented to this court for argument, the transcript of the record disclosed, as it still does, the fact that no request or motion had been made to the trial court by the defendant, the collector, before the close of the trial that it adjudge on the specific ground that there was no substantial evidence to sustain any other conclusion on either all the issues or any specific issue in favor of the defendant; that before the close of the trial no request whatever had been made to the trial court upon that ground for its finding in the defendant's favor on any of the issues upon which his finding was after the judgment alleged to be erroneous by the defendant's assignment of errors.

In this state of the case this court announced that, under the established rules and practice of the federal appellate courts, findings of fact and the judgment of the District Court below, challenged by the assignment of errors, were not reviewable upon the record presented to this court, and affirmed the judgment below. The defendant, the collector, now presents a petition for an order on the plaintiff, the Cartan & Jeffrey Company, to show cause why that judgment should not be set aside, and a hearing had on the questions suggested by the assignment of errors.

But that judgment and the action of the court in this case were in strict accord with the long established and settled rules and practice of the federal appellate courts in such cases. Ten years ago, in Wear v. Imperial Window Glass Co., 224 F. 60, 63, 139 C. C. A. 622, 625, speaking of counsel who sought a review by this court of the findings of the trial court in an action at law on a waiver of a jury, this court said:

"They invite this court, in other words, to retry this case and to determine whether or not, under the applicable law the weight of the evidence sustains the finding and judgment. But the case was tried by the court below without a jury, and its decision of that issue is not reviewable in this court. It is, like the verdict of a jury, assailable only on the ground that there was no substantial evidence in support of it, and then it is reviewable only when a request has been made to the trial court before the close of the trial that it adjudge, on the specific ground that there was no substantial evidence to sustain any other conclusion, either all the issues or some specific issue in favor of the requesting party. No such request was made in this case, and the specifications of error, therefore, present no question reviewable by this court. When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011; U. S. Compiled Stat. 1913, § 1672, p. 700), and a finding of fact contrary to the weight of the evidence is an error of fact.

"The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents

that question to the trial court and secures its ruling thereon during the trial. United States Fidelity & Guaranty Co. v. Board of Com'rs, 145 F. 144, 150, 151, 76 C. C. A. 114, 120, 121, and cases there cited; Mercantile Trust Co. v. Wood, 60 F. 346, 348, 349, 8 C. C. A. 658, 660, 661; Barnard v. Randle, 110 F. 906, 909, 49 C. C. A. 177, 180; Barnsdall v. Waltemeyer, 142 F. 415, 417, 73 C. C. A. 515, 517; Bell v. Union Pacific R. Co., 194 F. 366, 368, 114 C. C. A. 326, 328; Seep v. Ferris-Haggarty Copper Min. Co., 201 F. 893, 894, 895, 896, 120 C. C. A. 191, 192, 193, 194; Pennsylvania Casualty Co. v. Whiteway, 210 F. 782, 784, 127 C. C. A. 332, 334.

"There is another reason why no reviewable question of law is presented to this court in this case. A trial court is entitled to a clear specification by [objection and] exception of any ruling or rulings which a party challenges and desires to review, to the end that the trial court itself may correct them if so advised, and if it fails to do so, that there may be a clear record of the rulings and the challenges thereof. For this purpose a rule has been firmly established, that an exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling. Block v. Darling, 140 U. S. 234, 11 S. Ct. 832, 35 L. Ed. 476; Webb v. National Bank of Republic, 146 F. 717, 719, 77 C. C. A. 143; Union Pacific R. R. Co. v. Thomas, 152 F. 365, 372, 81 C. C. A. 491, 498; Armour Packing Co. v. United States, 153 F. 1, 16, 82 C. C. A. 135, 150, 14 L. R. A. (N. S.) 400."

Such were then, and in our opinion still are, the established and general rules and practice in such cases. United States v. Atchison, T. & S. F. R. Co. (C. C. A.) 270 F. 1, 3, 4; Geiger v. Tramp (C. C. A.) 291 F. 353, 357; Highway Trailer Co. v. City of Des Moines, Iowa (C. C. A.) 298 F. 71, 72, 73; Granite Falls Bank v. Keyes (C. C. A.) 277 F. 796, 797; Arkansas Anthracite Coal & Land Co. v. Stokes (C. C. A.) 277 F. 625, 627; Ewert v. Robinson (C. C. A.) 289 F. 740, 755, 35 A. L. R. 219; Rutan v. Johnson & Johnson, 231 F. (3 C. C. A.) 369, 373, 145 C. C. A. 363; Raymer v. Netherwood, 257 F. 284, 285, 168 C. C. A. 368 (Evans, Circuit Judge, dissenting); Security Nat. Bank of Sioux City v. Old Nat. Bank of Battle Creek, 241 F. 1, 7, 154 C. C. A. 1; Haynes Automobile Co. v. Kansas Casualty & Surety Co. (C. C. A.) 261 F. 347, 348; United States v. Bowling (C. C. A.) 261 F. 657, 660; McCool v. United States, 263 F. (6 C. C. A.) 55, 57; Pabst Brewing Co. v. E. Clemens Horst Co., 264 F. (9 C. C. A.) 909, 911; Ray v. United States, 265 F. (6 C. C. A.) 257, 258.

Counsel, however, contends that these rules and this practice have been abolished by the amendment by Act Feb. 26, 1919, to section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246), whereby it was provided that: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties"—and in support of this position he cites the opinion of the Circuit Court of Appeals of the Seventh Circuit in Muentzer v. Los Angeles Trust & Savings Bank, 3 F.(2d) 222, 223, 224. The question whether or not the amendment to section 269 under consideration authorized or required the appellate courts to review the findings of facts of trial courts, in the absence of any request, motion, or any other like action demanding the findings desired and excepting to the refusal of the trial court to make them, received the study, meditation, and decision of this court before the opinion in the Muentzer Case came to our attention, and Judge Munger, after an exhaustive examination of the pertinent arguments and authorities, in an elaborate and considered opinion expressed our view and conclusions and the reasons for them in Feinberg v. United States (C. C. A.) 2 F.(2d) 955, 956. Another consideration of the question, in deference to the opinion in the Muentzer Case, has not changed our views or conclusions, but has confirmed them. The later case of Miller v. United States, not cited in our former opinion (300 F. [6 C. C. A.] 529, 534), is in accord with our views.

For the reasons which have now been stated, the petition for the order to show cause is denied.