ALD-187                                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1098

JASON P. BROWN,

Appellant,

v.

CAMDEN COUNTY COUNSEL; SCIBAL ASSOCIATES;
STATE OF NEW JERSEY DEPT OF TREASURY BUREAU
OF RISK MANAGEMENT; UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 06-cv-06095)
District Judge: Jerome B. Simandle

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 6, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 13, 2010)

OPINION

PER CURIAM

On December 21, 2002, the United States District Court for the Eastern District of

Pennsylvania issued a federal warrant for the arrest of appellant Jason P. Brown for a

violation of supervised release. On February 9, 2004, members of the United States Marshal Service, Violent Crime Fugitive Task Force, executed the federal warrant and arrested Brown at his residence in Cherry Hill, New Jersey. James Coward of Camden County, in his capacity as a Special Deputy U.S. Marshal, participated in the arrest. United States Postal Service Inspector Howard Goodwin and Deputy U.S. Marshal Kenneth King also were present.

Brown brought in forma pauperis civil rights and administrative tort actions, see Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., arising out of his arrest. On October 12, 2006, Brown filed an action against Postal Inspector Goodwin and Charles Dudek, counsel to the United States Postal Service, in Brown v. Dudek, D.C. Civ. No. 06-04891. On December 19, 2006, he brought a second action against the Camden County Counsel, Scibal Associates, and the State Bureau of Risk Management, as well as James Coward (whom Brown refers to as James Cowab) in Brown v. Camden County Counsel, D.C. Civ. No. 06-06095. On March 12, 2007, he filed a complaint against Deputy U.S. Marshal King and Gerald Auerbach, General Counsel to the U.S. Marshal Service, in Brown v.Auerbach, D.C. Civ. No. 07-01158. In all three cases, Brown alleged the same excessive force claim – that he had been slammed up against the wall during his arrest and repeatedly beaten about the face and upper body. Brown sought $25 million in damages.

All three actions eventually were consolidated. The Bivens claims, see Bivens v.

Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in Brown v. Dudek, D.C. Civ. No. 06-04891, and Brown v. Auerbach, D.C. Civ. No. 07-01158, were dismissed as time-barred by the applicable statute of limitations. In Brown v. Camden County Counsel, D.C. Civ. No. 06-06095, all of the defendants except James Coward were dismissed under 28 U.S.C. § 1915(e)(2)(B).[1] The case against Coward initially was allowed to proceed on the ground that Brown had stated a claim for use of excessive force in violation of the Fourth Amendment. See Graham v. Conner, 490 U.S. 386 (1989).

After motions were filed, the District Court dismissed the FTCA claim against the individual defendants in Brown v. Dudek, D.C. Civ. No. 06-04891, and Brown v. Auerbach, D.C. Civ. No. 07-01158, for lack of subject matter jurisdiction, Fed. R. Civ. Pro. 12(b)(1), and substituted the United States as a party pursuant to 28 U.S.C. § 2679(d)(1) (pursuant to FTCA, an employee is acting in the scope of his employment, and the United States is the proper defendant, where the Attorney General certifies that the

---

[1] The complaint was dismissed against the N.J. Bureau of Risk Management, a state agency, because it is not a "person" subject to suit under 42 U.S.C. § 1983, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), and because the Eleventh Amendment bars an action for damages against the States. The complaint was dismissed against Scibal Associates and Camden County Counsel because Brown did not allege that either of these defendants had any direct involvement in the Fourth Amendment violation, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). These threshold determinations by the District Court were correct and do not require additional discussion.

employee was acting within scope of his employment).[2]  The court then dismissed the tort

claim against the United States because Brown had failed to properly exhaust his

administrative remedies.  Brown took an appeal from this order of the District Court,

which we dismissed for lack of jurisdiction as premature (C.A. No. 08-3476).  In an order

entered on December 18, 2009, the District Court dismissed the Bivens action against

James Coward as time-barred by the applicable statute of limitations.

Brown appeals.  All orders are now ripe for review.  We have jurisdiction under 28

U.S.C. § 1291.  Our Clerk granted Brown leave to appeal in forma pauperis and advised

him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or

summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.  He was invited to

submit argument in writing, and he has done so.

We will dismiss the appeal as frivolous.  An appellant may prosecute his appeal

without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute

provides that the Court shall dismiss the appeal at any time if the Court determines that it

is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).  An appeal is frivolous when it lacks an

arguable basis either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Under the statute, tort actions against the United States must be "presented in

---

[2] Brown alleged no specific facts rebutting the Attorney General's certification, and thus the District Court correctly determined that the United States was the proper defendant.  See Schrob v. Catterson, 967 F.2d 929, 936 (3d Cir. 1992).  Insofar as the United States consents to be the sole defendant in matters when its employee, acting within the scope of his employment, commits a negligent act, 28 U.S.C. § 1346(b)(1), this determination of the District Court does not require additional discussion.

4

writing to the appropriate Federal agency within two years after such claim accrues...."

28 U.S.C. § 2401(b). The time bar is strictly construed. See Livera v. First Nat. State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir. 1989). "The requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to suit under the FTCA." Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). See also Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (two-year time limit for filing administrative claim under FTCA is jurisdictional).

The filing of an administrative claim with the appropriate agency, referred to as "presentment," occurs when:

> a Federal agency *receives* from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages *in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a) (emphasis added). See also 39 C.F.R. § 912.5(a) (same). Moreover, a "claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim...." 28 C.F.R. § 14.2(b)(1).

Accordingly, the operative date for purposes of submitting a timely administrative claim is the date on which a complete claim, including a statement of sum certain, is

5

*received* by the appropriate federal agency. 28 C.F.R. § 14.2(a); 39 C.F.R. § 912.5(a). A plaintiff bears the burden of proof to establish timely presentment of his claim. Livera, 879 F.2d at 1195. As explained by the District Court, Brown's claim accrued on February 9, 2004, the date of the alleged use of excessive force, see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994), and no proper administrative claim was received by the appropriate agency, the U.S. Marshal's Service or the U.S. Postal Service, prior to February 10, 2006. Brown acknowledged that the Civil Division of the Department of Justice, which was not the appropriate agency, received his Standard Form 95 administrative tort claim containing a sum certain of $25 million on February 10, 2006, a day late. The DOJ later forwarded the claim to the U.S. Marshal Service and the U.S. Postal Service. The Postal Service received the SF-95 much later on April 10, 2006, and the Marshals Service received it on April 12, 2006.

Insofar as the waiver of sovereign immunity is to be strictly construed, regulations specifying that an administrative tort claim is deemed to have been presented when it is *received* by the agency require strict adherence. Lightfoot v. United States, 564 F.3d 625, (3d Cir. 2009) (discussing unananimity among the circuits and holding that the date the claim is mailed is not the operative date). See also Fex v. Michigan, 507 U.S. 43, 49-52 (1993) (if there is a specific statutory and regulatory regime regarding the receipt of a court filing or administrative claim, then the date of actual receipt determines timeliness.) Strict construction of the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), and 2675(a),

6

appropriately resulted in dismissal of Brown's complaint because he failed to satisfy the preconditions for subject matter jurisdiction. Letters that Brown wrote in April, 2004 and January, 2006, do not suffice for exhaustion purposes because they did not include a claim for a sum certain, see Deutsch, 67 F.3d at 1091. Brown's administrative claim was late and thus the District Court properly dismissed his FTCA claim on jurisdictional grounds for failure to exhaust administrative remedies.

The Bivens action against the federal defendants and James Coward, acting as a U.S. Marshal, is time-barred.[3] All of these defendants were dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Insofar as Brown's claim accrued on February 9, 2004, and he did not file the first of his civil actions until October 12, 2006, his actions are barred by the two-year statute of limitations applicable to his case. The statute of limitations for a Bivens claim is borrowed from the forum state's personal injury statute. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). See also Wilson v. Garcia, 471 U.S. 261 (1985). In New Jersey, the statute of limitations for personal injury claims is two years. N.J. Stat. Ann. § 2A:14-2; Cito v. Bridgewater Township Police Dep't, 892

_____

[3] We note also that neither King nor Dudek had any direct involvement in the Fourth Amendment violation and thus their dismissal also was proper under Rode, 845 F.2d at 1207.

7

F.2d 23, 25 (3d Cir. 1989). Brown had only until February 9, 2006 to file his civil action, and, since he missed the deadline, his claim was properly dismissed under Rule 12(b)(6).

Brown asserted that, as to defendants Coward and Goodwin, he is entitled to equitable tolling because he could not identify them until November 15, 2005 when the Federal Bureau of Investigation concluded its investigation of the arrest. New Jersey law permits equitable tolling only in rare circumstances where the complainant was duped or tricked by his adversary's misconduct into missing the filing deadline, where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff timely yet mistakenly asserted his rights by either defective pleading or in the wrong forum. Freeman v. State, 788 A.2d 867, 879-80 (N.J. Super. Ct. 2002). Under federal law, similar requirements apply. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Equitable tolling is only appropriate where a defendant actively misleads a plaintiff respecting his cause of action, the plaintiff was prevented from asserting his claim as a result of other extraordinary circumstances, or the plaintiff asserted his claim timely but in the wrong forum. See id. at 370 n.9. Brown can satisfy none of these requirements.

Here, Brown did not file within the two years in any forum, or file defective pleadings by mistake. Nor has he alleged that the defendants misrepresented the deadline or prevented him from filing a timely complaint. Brown presents no other extraordinary circumstance to justify his late filing. He learned on November 15, 2005 the identities of

8

the individual officers present during his arrest and that left him with sufficient time to file a civil action by February 9, 2006. Brown was not diligent in pursuing his civil actions, and he offered no explanation for the delay. He is thus not entitled to equitable tolling. Freeman, 788 A.2d at 879-80; Lake, 232 F.3d at 370.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Appellee Coward's motion for summary affirmance is denied as moot.